[Civ. No. 39718. First Dist., Div. Two. May 4, 1977.]

ARNOLD ADDISON et al., Plaintiffs and Respondents, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

### COUNSEL

Evelle J. Younger, Attorney General, and Gordon Zane, Deputy Attorney General, for Defendant and Appellant.

Carman & Mansfield and E. Day Carman for Plaintiffs and Respondents.

Loeb & Loeb, Lawrence Silver and David Negri as Amici Curiae on behalf of Plaintiffs and Respondents.

### OPINION

**BRAY, J.**\*—Defendant and appellant Department of Motor Vehicles appeals from a judgment of the Santa Clara County Superior Court in a declaratory relief action.

### ISSUES PRESENTED

1) The power of inspection claimed by the Department of Motor Vehicles exceeds authority granted by statute.

2) The decision of the trial court does not render any of the Vehicle Code unenforceable.

3) The evidence supports the finding that plaintiffs were not engaged in more than one business.

4) There are no constitutional issues involved.

### RECORD

Arnold Addison, Douglas Alman and Mort Addison, each individually and doing business as Bay Cities Auto Auction, Incorporated, and

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Great Western Auctions, Incorporated filed a complaint for declaratory relief against the Department of Motor Vehicles and Herman Sillas in his capacity as Director of the California Department of Motor Vehicles, alleging that plaintiffs own and operate a wholesale auction exchange in Santa Clara County and that an actual controversy exists concerning the authority of the Department of Motor Vehicles (hereinafter DMV) to inspect and peruse records and documents utilized in plaintiffs' business. Plaintiffs contend that the right of the DMV to inspect or temporarily or permanently take business records is specifically limited and narrowly defined by sections 285, 286, 320, 11713, subdivision (f), and 11714 of the Vehicle Code. The DMV contends that the aforesaid code sections permit and grant to it the statutory right without restriction to inspect plaintiffs' business records which in any way relate to the automobile business. Plaintiffs also contend that any interpretation of the aforesaid code sections which allows the DMV to arbitrarily take or inspect plaintiffs' records is in violation of plaintiffs' constitutional rights pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

The DMV answered alleging that under the total statutory scheme found in the Vehicle Code, it is given the authority to take any forms or books which may have been furnished to a licensee by the DMV and has the right to inspect all other pertinent documents.

After a trial, the memorandum decision of the trial court was filed, which stated: "It is the opinion of the Court that judgment should be rendered in the above entitled action declaring that [the DMV] does not have authority pursuant to Vehicle Code § 320 to inspect and take possession of plaintiffs' business records and documents which are not the property of the Department of Motor Vehicles. Section 410.00 of the Regulations of [the DMV] is, as to such records without statutory authority. The [DMV] does have authority to inspect and take possession of records pursuant to the authority of Vehicle Code §11714(c), but such authority is limited to the books and forms specified in said §11714(c)."

Judgment was entered in favor of plaintiffs conforming with the memorandum decision.

STATEMENT OF FACTS

In April or March of 1975, the DMV requested that Great Western Auto Auctions, Incorporated, doing business as Bay Cities Auto Auction, deliver to it certain documents relating to plaintiffs' transactions in the

sale and purchase of vehicles. Plaintiffs' attorney advised them that they were required to deliver only certain information to the DMV in the absence of a subpoena or a search warrant. Plaintiffs advised the DMV of their position. After a period of negotiations between the DMV and plaintiffs, the parties decided that the controversy presented an issue of statutory construction and the instant action was commenced.

Bay Cities Auto Auction, Incorporated (hereinafter Bay Cities) is engaged in the business of wholesale auctioning of automobiles to automobile dealers. When Bay Cities sells an automobile it records and sends to the DMV the make, model and year of the vehicle, as well as the identification number, the license and the odometer mileage. When a dealer brings its cars to Bay Cities, it will give Bay Cities "a signed-off title, which is an open title" and tell Bay Cities the minimum amount it will accept for a vehicle. This latter information is not transmitted to the DMV and Bay Cities regards this information as confidential.

In 1976 Bay Cities sold between 16,000 and 18,000 cars. Because of the volume of business done by Bay Cities, it would be a disruption to the business to have to locate information regarding a particular vehicle.

Henry Hoover, a supervising investigator for the DMV, testified that during the course of an investigation he would inspect any document that would have to do with the purchase or sale of a vehicle. This would include cancelled checks, salesmen's vouchers used to determine commissions, stock record books that show when a vehicle is received in stock and when it leaves, internal repair orders and rental agreements. Hoover stated that the information supplied by a dealer to the DMV is not a sufficient amount of information he feels he needs in order to do his job. When Hoover inspects the records of a dealer, he does so with the permission of the dealer or he obtains a search warrant or a subpoena.

1) ▮▮▮ *The power of inspection claimed by appellant exceeds the authority granted by statute.*

The DMV argues that sections 320 and 1651 of the Vehicle Code[1] provide ample authority for the adoption of the regulations in the California Administrative Code, title 13, sections 410.00 and 410.01. Plaintiffs on the other hand assert that the power of inspection given to

[1]All statutory references are to the Vehicle Code unless otherwise indicated.

the DMV in California Administrative Code, title 13, sections 410.00 and 410.01 exceeds the authority granted to the DMV by statute.[2]

The regulations provide: "Pertinent records of a licensed dealer which must be open to inspection pursuant to Vehicle Code Section 320 are those records maintained in the regular course of business insofar as those records are directly concerned with the purchase, sale, rental or lease of a vehicle.

"(a) Unless otherwise specified by statute, all business records relating to vehicle transactions shall be retained by the dealership for a period of not less than three years.

"(b) When, for any reason, a dealership terminates business, all departmental report of sale books, along with all permits, licenses, special license plates and registration indicia therefor, and all vehicle salesman's licenses in possession of the dealership shall be surrendered to the department." (Cal. Admin. Code, tit. 13, § 410.00.)

The regulations further provide: "A vehicle dealer may, at his option, maintain the business records of the dealership at the office of the principal place of business; or if the dealer has a branch location(s), records peculiar to that branch may be maintained either at such branch location or at the principal place of business. Upon approval of the department, the records may be maintained at a business location other than as required in this section, provided a written instrument is filed with the department describing such other location and granting the department authorization to inspect the records thereat." (Cal. Admin. Code, tit. 13, § 410.01.)

Before discussing whether these regulations find support in the Vehicle Code, a few well established principles should be reviewed. ■ An administrative agency's construction of a statute, since it is charged with the enforcement of that statute, is entitled to great weight. (*Morris* v. *Williams* (1967) 67 Cal.2d 733, 748 [63 Cal.Rptr. 689, 433 P.2d 697]; *Holloway* v. *Purcell* (1950) 35 Cal.2d 220, 226 [217 P.2d 665], cert. den., 340 U.S. 883 [95 L.Ed. 641, 71 S.Ct. 196].) ■ However, the DMV is an administrative agency created by statute and, as such, it only possesses the powers that are conferred on it by statute. (*People* v. *Harter Packing Co.* (1958) 160 Cal.App.2d 464, 467 [325 P.2d 519].) Therefore, an

---

[2]The Ford Dealers Association of Southern California and the Independent Automobile Dealers Association of California have each filed an amicus curiae brief in support of plaintiffs' position.

administrative agency has no authority to enact rules or regulations which alter or enlarge the terms of legislative enactments. (*California Sch. Employees Assn.* v. *Personnel Commission* (1970) 3 Cal.3d 139, 144 [89 Cal.Rptr. 620, 474 P.2d 436]; *Morris* v. *Williams, supra.*)

Section 1651 gives the director of the DMV the authority to "adopt and enforce rules and regulations as may be necessary to carry out the provisions of this code relating to the department." Section 1651 further provides: "Rules and regulations shall be adopted, amended, or repealed in accordance with the Administrative Procedure Act, commencing with Section 11370 of the Government Code." Section 11373 of the Government Code provides: "Except as provided in Section 11409 [not applicable to the dispute in the instant case], nothing in this chapter confers authority upon or augments the authority of any state agency to adopt, administer, or enforce any regulation. Each regulation adopted, to be effective, must be within the scope of authority conferred and in accordance with standards prescribed by other provisions of law."

Section 11374 of the Government Code provides: "Whenever by the express or implied terms of any statute a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute.

"Any existing rules or regulations conflicting with this section are hereby repealed."

Section 1651 gives the DMV authority to promulgate and enforce regulations. However, when section 1651 is read in light of sections 11373 and 11374 of the Government Code, it is clear that section 1651, contrary to the DMV's contention, does not purport to confer additional powers, but merely states the rule that an administrative agency has no authority to enact rules or regulations which alter or enlarge the terms of legislative enactments. (*Desert Environment Conservation Assn.* v. *Public Utilities Com.* (1973) 8 Cal.3d 739, 742-743 [106 Cal.Rptr. 31, 505 P.2d 223].)

The DMV asserts that regulations of California Administrative Code, title 13, sections 410.00 and 410.01, are authorized by the last sentence of section 320. Section 320 provides: " 'Established place of business' is a place actually occupied either continuously or at regular periods by:

"(a) A dealer, manufacturer, manufacturer branch, distributor, distributor branch, or automobile driving school where the books and records pertinent to the type of business being conducted are kept. The place of business shall have an office and in the case of a dealer or manufacturer shall have a display or manufacturing area situated on the same property where the business peculiar to the type of license issued by the department is or may be transacted. When a room or rooms in a hotel, roominghouse, apartment house building, or a part of any single- or multiple-unit dwelling house be used as an office or offices of an established place of business, such room or rooms shall be devoted exclusively to and occupied for the office or offices of the dealer, manufacturer, manufacturer branch, distributor, distributor branch, or automobile driving school, shall be located on the ground floor, and shall be so constructed as to provide a direct entrance into such room or rooms from the exterior of the building.

"(b) An automobile dismantler where the books and records pertinent to the type of business being conducted are kept. The place of business shall have an office and a dismantling area located in a zone properly zoned for that purpose by the city, county, or city and county. A place of business of an automobile dismantler which qualified as an 'established place of business' before the enactment of amendments to this section at the 1970 Regular Session of the Legislature shall be deemed to be an 'established place of business' as defined in this section.

"A licensee issued an occupational license by the department and conducting more than one type of business from an establishment, as herein defined, shall provide a clear physical division between the types of business involving vehicles or their component parts. *The place of business shall be open to inspection of the premises, pertinent records and vehicles by any peace officer during business hours.*" (Italics added.)

 The DMV urges that the last sentence of section 320 "was not intended to be applicable *only* when a licensee maintained more than one type of business, but rather was intended to cover all licensees as defined in the section."

 "In construing a statute our concern is to ascertain and to give effect to the legislative intent. [Citations.] In ascertaining the intent articulated in the statute, the court should first turn to the words of the statute to determine the will of the Legislature [citations] and give effect to the statute according to the usual, ordinary import of the language

employed in framing it. [Citations.]" (*Noroian* v. *Department of Administration* (1970) 11 Cal.App.3d 651, 654-655 [89 Cal.Rptr. 889]; see also *Kimball* v. *County of Santa Clara* (1972) 24 Cal.App.3d 780, 784 [101 Cal.Rptr. 353].)

■ An applicable rule of statutory construction is that "When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." (*Porto Rico Ry. etc. Co.* v. *Mor* (1920) 253 U.S. 345, 348 [64 L.Ed. 944, 946, 40 S.Ct. 516]; *Wholesale T. Dealers* v. *National etc. Co.* (1938) 11 Cal.2d 634, 659 [82 P.2d 3, 118 A.L.R. 486].) It should be noted that in construing section 320, this court is not concerned with a clause that follows several words but rather the connection between two sentences in one paragraph.
■ It is also a rule of statutory construction that if there exists an uncertainty or ambiguity in a statute, qualifying words, phrases or clauses are construed as referring to the words, phrases and clauses immediately preceding and not to more remote words, phrases or clauses. (*Elbert, Ltd.* v. *Gross* (1953) 41 Cal.2d 322, 326-327 [260 P.2d 35]; *Board of Port Commrs.* v. *Williams* (1937) 9 Cal.2d 381, 389 [70 P.2d 918]; *Hopkins* v. *Anderson* (1933) 218 Cal. 62, 65 [21 P.2d 560]; *County of Los Angeles* v. *Graves* (1930) 210 Cal. 21, 26 [290 P. 244]; *Kelly* v. *State Personnel Board* (1939) 31 Cal.App.2d 443, 448 [88 P.2d 264].) ■ As stated in *County of Los Angeles* v. *Graves, supra,* "it is a rule of grammatical construction and one of the simplest canons of statutory construction that a limiting clause is to be confined to the last antecedent, unless the context or the evident meaning of the statute requires a different construction." This last rule of construction is applicable to the last paragraph of section 320. This conclusion is supported by another grammatical rule that the second sentence of a paragraph ordinarily pertains to the same subject matter as the first.

■ Therefore, pursuant to section 320, if there is more than one type of business at the establishment as defined, the premises shall be open to inspection. If the Legislature had desired the DMV to have the authority to inspect any and all places of business, it would have placed the last sentence in a separate paragraph, or included it as part of the preceding paragraphs, or noted it in some other section of the Vehicle Code.

Section 11714, subdivision (c), provides: "The department shall also furnish books and forms as it may determine necessary. Such books and

forms are and shall remain the property of the department and may be taken up at any time for inspection." (See § 11505, subd. (c) for almost identical language.) The parties agree that section 11714 only gives the DMV the limited power to seize and/or inspect the business records that the law requires an automobile dealer to keep for the DMV. (See *People v. Conway* (1974) 42 Cal.App.3d 875, 891 [117 Cal.Rptr. 251].)

The DMV has pointed to no other section of the Vehicle Code which might be said to have conferred on the DMV the powers to inspect business records as set out in its regulations.[3] However, the DMV asserts that this court should accept its interpretation of its own authority as the DMV has interpreted section 320 in an expansive manner for some time and when the Legislature recently amended section 320, it made no change in the last paragraph. (Stats. 1973, ch. 996, pp. 1964-1965.) First, it should be noted that regulations of the California Administrative Code, title 13, sections 410.00 and 410.01 were adopted in 1975 after the Legislature amended section 320. Therefore, the regulations do not demonstrate that the DMV has expansively interpreted section 320 for some length of time. The only other evidence that might be regarded as supporting this contention is the testimony of Henry Hoover. However, Hoover testified that he obtains the permission of a dealer or a subpoena or a search warrant before he inspects business records. Such testimony hardly supports the view that the DMV has interpreted its authority as including the right to inspect any business records without legal process. ■ Even if the DMV has consistently made such an interpretation, the California Supreme Court has long held that: "Although the construction of a statute by the officials charged with its administration is entitled to weight, final responsibility for interpretation of the law rests with the courts, and 'an erroneous administrative construction does not govern the interpretation of a statute, even though the statute is subsequently reenacted without change.' [Citations.]" (*Coan v. State of California* (1974) 11 Cal.3d 286, 294, fn. 9 [113 Cal.Rptr. 187, 520 P.2d 1003].)

2) *The decision of the trial court does not render any of the Vehicle Code unenforceable.*

The DMV's argument that invalidity of the inspection power would render the Vehicle Code unenforceable is merely the negative statement

---

[3] The Legislature has seen fit to give the DMV the power to inspect *vehicles* in various situations, but the parties have pointed to no other code sections which grant the DMV the authority to inspect business records. (§§ 1655, subd. (b), and 10656.)

of the proposition that the inspection power, even if not bestowed upon the DMV by statute, should be *implied* by reason of necessity. The DMV states: "Without inspection powers, the agency will be handcuffed in executing the regulation of the industry, inasmuch as it will be without the means to efficiently discern violations of certain statutes."

■ "But the doctrine of implied powers is not without limitations. It cannot be invoked where the grant of express powers clearly excludes the exercise of others, or where the claimed power is incompatible with, or outside the scope of, the express power. For a power to be justified under the doctrine, it must be essential to the declared objects and purposes of the enabling act-not simply convenient, but indispensable. Any reasonable doubt concerning the existence of the power is to be resolved against the agency." (2 Cal.Jur.3d, Administrative Law, § 39, pp. 257-258.)

This standard is hardly met by the DMV's purported justification. The DMV lists certain sections of the Vehicle Code which the DMV is charged with enforcing, and apparently asserts that the document inspection power is necessary for such enforcement. Closer consideration reveals otherwise. Section 11705, subdivision (a)(5) authorizes disciplinary action against dealers who have "knowingly purchased, sold, or otherwise acquired or disposed of a stolen motor vehicle." Both sections 1655, subdivision (b), and 10656 give the DMV specific authority to inspect vehicles in the dealers' possession for the purpose of "locating stolen vehicles." This can hardly justify *implying* inspection powers where the Legislature has already seen fit to grant such powers and to delineate their scope.

It is somewhat difficult to understand the DMV's contentions with regard to two of the sections cited concerning pollution control certificates (§ 4000.2) and mileage readings on notice of transfer forms (§ 5901, subd. (b)), enforceable against the dealers by virtue of section 11705, subdivision (a)(8). These are forms which are required to be filed with the DMV itself; if this is not done, they are subject to examination under specific provisions of section 11714, subdivision (c). Any sale or transfer of a vehicle will be accompanied by registration of the vehicle in the name of the new owner; failure to file the pollution control certificate will prevent the registration altogether; and failure to file the notice of transfer form can be detected at the time the vehicle is registered by the new owner. Defects in either document can be detected by the DMV when it receives the documents. DMV document inspections are not indispensable to the enforcement of these sections.

The DMV claims that inspection powers are necessary to carry out its duty of detecting and preventing dealer fraud upon consumers. (§ 11705, subd. (a)(14).) While the inspection power might be convenient in order to perform this function, it is not indispensable. If a consumer registers a complaint, the DMV may institute a disciplinary proceeding and in the course of the proceeding it may subpoena relevant business records. (Gov. Code, § 11510, subd. (a).)

■ While the DMV has cited examples where the power to inspect any and all business records of a dealer would serve some useful purpose, it has not shown that such inspection power is indispensable to the enforcement of the Vehicle Code. Accordingly, this court should not find that the DMV has unrestricted powers to inspect business records by way of implication.

3) ■ *The evidence supports the finding that plaintiffs were not engaged in more than one business.*

The DMV attacks the following finding of the trial court on the ground that it is not supported by the evidence: Bay Cities "was not conducting more than one type of business at its established place of business within the meaning of the Vehicle Code." The DMV asserts that even if this court should accept the trial court's limited interpretation of the DMV's power of inspection, it still may inspect the business records of plaintiffs. The last paragraph of section 320 provides: "A licensee issued an occupational license by the department and conducting more than one type of business from an establishment, as herein defined, shall provide a clear physical division between the types of business involving vehicles or their component parts. The place of business shall be open to inspection of the premises, pertinent records and vehicles by any peace officer during business hours." The DMV contends that it was unequivocally established that plaintiffs were engaged in more than one business and, thus, the DMV had the authority to inspect the business records of plaintiffs.

The DMV's contention is predicated upon the following testimony elicited from Douglas Alman, Manager of Bay Cities, on cross-examination:

"Q. Now, has your company engaged in any other business in recent years?

"A. Yes.

"Q. What kind of business?

"A. Well, we sell—we do the auctioneering—did the auctioneering for—have for the past few years for four—I think four or five cities, Sunnyvale, Palo Alto, Mountain View, and Santa Clara, among others, and in the City of Palo Alto and we auctioned off their equipment to who they invite to their sale.

"Q. Have you engaged in financing other wholesale dealers?

"A. Yes, we have."

On direct examination Alman testified that Bay Cities was licensed by the DMV and was engaged in the wholesale auctioneering of automobiles to automobile dealers.

■ " 'When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of the appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact.' " (*Foreman & Clark Corp.* v. *Fallon* (1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362].)

■ The cross-examination of Alman does not establish whether or not these activities were conducted from the same location as plaintiffs' wholesale automobile activities. A careful reading of the cross-examination seems to indicate that plaintiffs did the auctioneering for the four or five cities in the specified cities and not in its established place of business. Nor does the testimony indicate when plaintiffs engaged in financing other wholesale dealers, if plaintiffs are still engaged in such activity and where such activities are conducted. Thus, the evidence does not support the DMV's contention that plaintiffs were conducting more than one type of business from an establishment pursuant to the last paragraph of section 320.

4) *There are no constitutional issues involved.*

The Independent Automobile Dealers Association of California in its amicus curiae brief argues that the exclusionary rule applies to administrative hearings and the DMV's practice of inspecting any and all

business records of a dealer is in violation of the Fourth Amendment right to be free from unreasonable searches and seizures. However, the instant case is not concerned with whether the exclusionary rule applies to administrative hearings but whether or not the DMV has statutory authority for its acts. The DMV did not seize or search any business records of plaintiffs. ■ Whether the exclusionary rule should be applied to administrative proceedings must be decided "on a case-by-case basis." (*Emslie v. State Bar* (1974) 11 Cal.3d 210, 229-230 [113 Cal.Rptr. 175, 520 P.2d 991].) Accordingly, there are no constitutional issues before the court in this case. Furthermore, the Independent Automobile Dealers Association states that there would be no constitutional violations of rights if this court adopts the reasoning that the DMV has limited inspection authority.

Judgment affirmed.

Taylor, P. J., and Rouse, J., concurred.