[Civ. No. 61277. Second Dist., Div. Three. Mar. 1, 1982.]

**DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Plaintiff and Respondent, v.
ELMER O. LOCKER, JR., et al., Defendants and Appellants.**

COUNSEL

Stephen Warren Solomon and Ralph B. Saltsman for Defendants and Appellants.

George Deukmejian, Attorney General, and Marilyn K. Mayer, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**LUI, Acting P. J.**—Appellants appeal from a judgment entered June 9, 1980, permanently enjoining them from, inter alia, violating Business and Professions Code section 23300[1] by continuing to sell or serve alcoholic beverages under a revoked alcoholic beverage license utilizing a caterer's permit. For the reasons set forth below, we conclude that the trial court correctly determined that appellants were in violation of section 23300, since their onsale licenses had been properly revoked and they could not thereupon rely on a caterer's permit, the validity of which was dependent upon the existence of a valid, effective and unrevoked onsale license.

*Facts*

During all times pertinent hereto, appellants Elmer O. Locker, Jr., and Joyce M. Locker were owners of the night club known as "The Ball" and appellants Elmer O. Locker, Jr., and William C. Coleman were owners of a second nightclub known as "The Other Ball." Prior to

---

[1]Business and Professions Code section 23300 provides: "No person shall exercise the privilege or perform any act which a licensee may exercise or perform under the authority of a license unless the person is authorized to do so by a license issued pursuant to this division."

Hereinafter all references shall be to the Business and Professions Code unless otherwise indicated.

revocation orders issued by respondent, appellants were licensed by the respondent Department of Alcoholic Beverage Control to sell alcoholic beverages at these two premises, by virtue of appellants' onsale licenses issued pursuant to section 23396.[2] In conjunction with these onsale licenses, appellant Elmer Locker had been issued a caterer's permit.

On or about April 11, 1980, respondent revoked and seized the appellants' onsale licenses for these two premises due to violations of section 24200 and regulation 143 of title 4 of the California Administrative Code; said violations are not pertinent to this appeal. The notice of revocation was served on appellant Coleman at "The Other Ball" on April 11, 1980. Revocation of these licenses occurred subsequent to administrative hearings conducted by respondent and also subsequent to the decision of the Alcoholic Beverage Control Appeals Board (Board) which affirmed the decision of the respondent, revoking appellants' licenses. Appellants sought and were unsuccessful in attempting to seek relief in the California Court of Appeal by writ of review. Further, appellants were denied injunctive relief by the United States District Court for the Central District of California sought on grounds that the respondent was violating appellants' due process and civil rights. Subsequently, on April 9, 1980, the United States Court of Appeal for the Ninth Circuit denied appellants' request for a stay order preventing respondent from revoking appellants' licenses pending the decision on their appeal in the Ninth Circuit.

Despite the respondent's revocation of appellants' licenses and appellants' lack of success in the state and federal courts, appellants continued to sell alcoholic beverages from "The Ball" and "The Other Ball" on advice of counsel who asserted the position that such sales were authorized by virtue of appellants' unrevoked caterer's permit.

Subsequently, on April 14 and April 15, 1980, respondent obtained search warrants and seized substantial quantities of alcoholic beverages from these two premises. Being advised by appellants and their counsel that they would continue to assert their right to sell alcoholic beverages, respondent, on April 22, 1980, filed a complaint for injunction and tem-

---

[2]Section 23396 provides: "Any on-sale license authorizes the sale of the alcoholic beverage specified in the license for consumption on the premises where sold. No alcoholic beverages, other than beers, may be sold or served in any bona fide public eating place for which an on-sale license has been issued unless the premises comply with the requirements prescribed in Section 23038, 23038.1, or 24045.1."

porary restraining order in the Superior Court of the County of Los Angeles seeking to restrain appellants' continued sale of alcoholic beverages at these two premises. A temporary restraining order was issued by the trial court on April 22, 1980. On May 8, 1980, the trial court granted respondent's requested preliminary injunction. On June 17, 1980, findings of fact and conclusions of law and a judgment denying peremptory writ of mandate were filed in the court below. Appellant appeals from the judgment entered June 19, 1980.[3]

### Issues on Appeal

Appellant contends on appeal that:

1. The trial court erred in holding appellants' caterer's permit invalid, thus erroneously concluding that appellants were acting in violation of section 23300.

2. The trial court erred in concluding that respondent properly complied with section 25604 and Penal Code section 11200, pertaining to abatement of nuisances.

3. The trial court erred in issuing an injunction prohibiting appellants from selling or serving alcoholic beverages.

4. The trial court erred in enjoining appellants from violating the rules and regulations of the respondent department without providing appellants with a full administrative hearing.

### Discussion

1. ▪ *Appellants' Caterer's Permit Was Dependent Upon the Existence of a Valid and Unrevoked Onsale License*

Appellant Locker was issued a caterer's permit in June 1962. Appellants contend that said caterer's permit was valid through December 30, 1980 because respondent has never taken action on said caterer's per-

---

[3]Appellants' petition for a writ of prohibition and/or in the alternative, mandate, essentially challenging the jurisdiction of the trial court, was filed May 21, 1980, in the Court of Appeal, Second District (2d Civ. 59446). Said petition was considered and denied by this division on June 3, 1980.

mit. Appellants further contend that at the time respondent seized the onsale general license for the two premises, "respondent posted the aforementioned caterer's permit allowing plaintiff [appellants] to serve alcoholic beverages pursuant to Section 23399." Appellants cite section 23399 as authority for their contention that the effectiveness of their caterer's permit is not dependent upon the status of the separately issued onsale general license.

Section 23399 provides that "[a]n on-sale general license authorizes the sale of beer, wine, and distilled spirits for consumption on the premises where sold. *Any licensee under an on-sale general license, . . .* may apply to the [respondent] department for a caterer's permit. *Such a permit under an on-sale general license* shall authorize the sale of beer, wine, and distilled spirits for consumption at conventions, sporting events, trade exhibits, picnics, social gatherings, or similar events held any place *in the state approved by the department . . . . Consent to such sale at each such event shall be first obtained from the department in the form of a catering authorization issued pursuant to rules prescribed by it. Each catering authorization shall be issued at a fee not to exceed ten dollars ($10)* and such fee shall be deposited directly in the General Fund in the State Treasury. *At such events, the licensee may exercise only those privileges authorized by his license* and shall comply with all provisions of the act pertaining to the conduct of on-sale premises and violation of any such provisions may be grounds for suspension or revocation of the licensee's license or permit, or both, as though such violation occurred on the licensed premises. *The fee for a caterer's permit for a license under an on-sale general license shall be one hundred dollars ($100) per year, . . .* and such permit may be renewable annually at the same time as the licensee's license. *The caterer's permit shall be transferable as a part of the license.*" (Italics added.)

The respondent issued regulation 60.5 (tit. 4, Cal. Admin. Code, pp. 14.4.1-14.4.2), which provides as follows: *"A caterer's permit may be issued to an on-sale general licensee,* club licensee or veterans' club licensee upon application to the department and payment of the fee provided in Section 23399 of the Alcoholic Beverage Control Act. *A caterer's permit authorizes the sale of alcoholic beverages for consumption upon premises approved by the department,* and the privileges thereunder may be exercised under the following conditions: . . . . [¶] (4) *A catering authorization shall not be issued for use at any one premises for more than 24 events in one calendar year, except when the*

*department determines additional events may be catered to satisfy substantial public demand.*" (Italics added.)

Based on section 23399 and regulation 60.5, it is clear to us that the validity of a caterer's permit is dependent upon the existence of a valid, effective and unrevoked onsale license, and appellants' contention to the contrary is without merit. Our reading of section 23399 does not warrant the interpretation appellants would have us adopt. Instead, the *issuance* of the permit *and* the *use* of the permit is coupled with restrictions clearly indicating the subordinate and dependent position of a caterer's permit vis-à-vis the onsale license. A caterer's permit cannot be issued except under an onsale license. The caterer's permit can only be utilized at events authorized by the permit and with the consent of the respondent department. The licensee may only use the caterer's permit as authorized by the license and violations of the use of the permit may be grounds for suspension or revocation of the licensee's license and/or permit. Furthermore, the caterer's permit is transferable as a part of the license.

Our courts must give effect to the statutes according to the usual and ordinary meaning of the language used. (See *People* v. *Belleci* (1979) 24 Cal.3d 879 [157 Cal.Rptr. 503, 98 P.2d 473], and *Addison* v. *Department of Motor Vehicles* (1977) 69 Cal.App.3d 486 [138 Cal.Rptr. 185].) The language of section 23399 is clear. Accordingly, we hold that appellants' caterer's permit was dependent upon the existence of a valid and unrevoked onsale license. Upon the revocation of appellants' onsale license, appellants' caterer's permit also became invalid and revoked.

Since appellants were without a proper license issued by respondent, appellants' sales of alcoholic beverages were without authority and were in violation of section 23300 which states that "[n]o person shall exercise the privilege or perform any act which a licensee may exercise or perform under the authority of a license unless the person is authorized to do so by a license issued pursuant to this division."

2. ■ *Failure, if Any, to Comply With the Procedures for Applying for an Injunction Did Not Result in Any Prejudice to Appellants*

Article XX, section 22, of the California Constitution, grants the respondent the exclusive power over the licensing and enforcement of pro-

visions relating to the sale of alcoholic beverages in the State of California. Section 25604 provides that "[i]t is a public nuisance for any person to maintain any club room in which any alcoholic beverage is received or kept, or to which any alcoholic beverage is brought, for consumption on the premises by members of the public . . . unless the person and premises are licensed under this division. It is a public nuisance for any person to keep, maintain, operate or lease any premises for the purpose of providing therein for a consideration a place for the drinking of alcoholic beverages by members of the public or other persons, unless the person and premises are licensed under this division. . . . [¶] The Attorney General . . . may bring an action in the name of the people to abate the nuisance, and the Attorney General shall, upon request of the department, bring the action."

Respondent brought an action seeking an injunction to abate the nuisance under section 25604 and pursuant to Penal Code section 11200[4] which essentially provides that every building or place used for the unlawful sale of alcoholic beverages is a nuisance which shall be enjoined, abated and prevented.

Appellants contend that respondent failed to comply with Penal Code section 11202[5] because respondent failed to give appellants two weeks' notice prior to the filing of the complaint and the seeking of the temporary restraining order. The record reflects that the complaint for injunction and temporary restraining order was filed by respondent on April 22, 1980. In their declaration re notification of application for temporary restraining order, it is noted that respondent's counsel informed appellants' counsel the day preceding the filing of the complaint that it would seek to obtain a restraining order on April 22, 1980. Although appellants' counsel was not directly notified, appellants' counsel's secretary was notified by respondent's counsel who indicated that appellants' counsel would be advised of respondent's appearance in court for a temporary restraining order on April 22.

---

[4]Penal Code section 11200 provides: "Every building or place used for the purpose of unlawfully selling, serving or giving away any spirituous, vinous, malt or other alcoholic liquor, and every building or place in or upon which such liquors are unlawfully sold, served or given away, is a nuisance which shall be enjoined, abated and prevented, whether it is a public or private nuisance."

[5]Penal Code section 11202 provides: "Whenever the existence of a nuisance is shown in an action brought under this article to the satisfaction of the court or judge thereof, either by verified complaint or affidavit, and the court or judge is satisfied that the

Penal Code section 11202 requires two weeks' written notice "of the existence of the nuisance," not of the motion for injunctive relief. The trial court concluded that "[p]laintiff properly brought an action for injunction pursuant to Business and Professions Code section 25604 and Penal Code section 11200." It is clear that through years of litigation appellants had continually been notified, orally and in writing, "of the existence of the nuisance." Their own suit in federal court, the failure of which precipitated the injunction in the current action, admitted facts that constitute the nuisance. The conduct of appellants on the advice of their attorneys demonstrated that they knew their licenses were revoked and yet continued to serve alcoholic beverages. Their employees, after the revocations were final, were cited for serving and selling alcoholic beverages. Lack of notice is not jurisdictional. (*In re Brambini* (1923) 192 Cal. 19, 28 [218 P. 569].) Given the actual notice in this case, the failure to request that the injunction be dissolved on these grounds, and the fact that no prejudice has been shown,[6] we find that even if appropriate written notice was not given, there was no prejudice to appellants and reversal is not required.

Furthermore, we note that the injunction was also sought pursuant to Business and Professions Code section 25604, which does not have a two-week notice provision. Appellants consolidate the two arguments and do not distinguish section 25604.

There was no reversible procedural error in respondent's seeking of the injunction in the instant case.

---

owner of the property *has received written notice of the existence of the nuisance,* signed by the complainant or the district attorney *at least two weeks prior to the filing of the complaint,* the court or judge shall allow a temporary writ of injunction to abate and prevent the continuance or recurrence of the nuisance. On granting such writ the court or judge must require, except when granted on application of the people, written undertaking on the part of the applicant, with sufficient securities, to the effect that he will pay to the party enjoined such damages, not exceeding an amount to be specified, as the opposing party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled thereto." (Italics added.)

[6]Appellants have failed to set forth any claimed prejudice as a result of respondent's failure to comply with said notice requirements. Appellants had ample opportunity between April 22, 1980, and May 8, 1980, to prepare for the hearing, at which the trial court considered evidence on respondent's motion for a preliminary injunction and had additional time, to June 17, 1980, to brief the trial court on its position before the trial court issued a permanent injunction enjoining appellants from further violations of the Alcoholic Beverage Control Act.

### 3. ■ *Section 23090.5 Does Not Divest the Superior Court of Jurisdiction Applicable to This Action*

Section 23090.5 provides that "No court of this state, except the Supreme Court and the courts of appeal . . . shall have jurisdiction to review, affirm, reverse, correct, or annul any order, rule, or decision of the [respondent] department or to suspend, stay, or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the department in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case."

Respondent's action for injunctive relief is not one to renew, affirm, correct, or annul an order, rule, or decision of the respondent department. The action is one to abate a nuisance pursuant to section 25604 and Penal Code section 11200. Appellants have already sought a petition for writ of prohibition and/or in the alternative mandate in this division of the Court of Appeal and said petition was denied.

After the United States Court of Appeal for the Ninth Circuit denied a stay order which if granted would have prevented respondent from revoking appellants' licenses pending appeal, respondent acted to revoke appellants' licenses. Respondent acted pursuant to section 25604 and Penal Code section 11200 in bringing the within action for injunctive relief. Section 23090.5 is completely inapplicable to proceedings to abate a nuisance and relates specifically to appellate review upon appeal or by way of a petition for a writ. Appellants' contention that 23090.5 divests the superior court of jurisdiction to issue the permanent injunction is without merit.

### 4. *Appellant's Administrative Due Process Rights Were Not Violated*

■ Since we have concluded that the appellants' caterer's permit ceased to be a valid permit after the underlying onsale licenses have been revoked, appellants' claim of violation of their administrative due process rights is without merit. No separate proceedings were required to revoke the caterer's permit which became void upon revocation of the onsale license. Appellants have had numerous opportunities to present their position before the respondent, the Board, the superior court, the Courts of Appeal, and the United States District Court and Court of Appeals over the last several years. Their argument that they have been denied their administrative due process is specious.

The judgment is affirmed.

Potter, J., and Amerian, J.,* concurred.

A petition for a rehearing was denied March 29, 1982, and appellants' petition for a hearing by the Supreme Court was denied April 28, 1982.

*Assigned by the Chairperson of the Judicial Council.