[No. B045489. Second Dist., Div. One. Apr. 26, 1991.]

MARINERS BAY COMPANY et al., Plaintiffs and Appellants, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

**COUNSEL**

Stall & Hamlin, Richard F. Hamlin and Roberta M. Soto for Plaintiffs and Appellants.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, N. Eugene Hill, Assistant Attorney General, Henry G. Ullerich and Silvia M. Diaz, Deputy Attorneys General, for Defendant and Respondent.

OPINION

**ORTEGA, J.**—We conclude plaintiffs may not enforce possessory vessel liens outside the exclusive provisions of the "Boaters Lien Law" (Harb. & Nav. Code, §§ 500-509).[1] We affirm the judgment (order of dismissal).

## FACTS

Plaintiffs Mariners Bay Company and Marina International Properties, Ltd., are the lessors of several thousand boat slips in Marina del Rey. ■ When plaintiffs obtain unlawful detainer judgments ("a rented boat slip in a marina is 'real property' for purposes of unlawful detainer" (*Smith v. Municipal Court* (1988) 202 Cal.App.3d 685, 686 [245 Cal.Rptr. 300])), plaintiffs often have to remove the vessels in order to make the slips available to other lessees. Under the unlawful detainer statutes (Code Civ. Proc., §§ 1161-1179a), the landlord must store personal property remaining on the premises in a place of safekeeping until it is either released to the tenant or owner (Code Civ. Proc., § 1174, subd. (h)), or disposed of pursuant to Civil Code section 1988 (Code Civ. Proc., § 1174, subd. (i)). Plaintiffs contend that vessels left in slips following the entry of unlawful detainer judgments are abandoned personal property that may be disposed of pursuant to Civil Code section 1988.

The Department of Motor Vehicles (DMV), however, refuses to issue vehicle registrations to vessels purchased at abandoned property sales under Civil Code section 1980 et seq. The DMV asserts that marina boat slip owners who hold unlawful detainer judgments have possessory vessel liens which may be enforced only under the Boaters Lien Law. Section 501.5 provides in relevant part: "The possessory vessel lien procedures described by the provisions of this article shall supercede any local ordinance and shall provide the exclusive means of enforcing these liens."

Due to the DMV's practice in this regard, plaintiffs have complied with the Boaters Lien Law when disposing of vessels left behind after the entry of unlawful detainer judgments. However, plaintiffs claim that the Boaters Lien Law provisions are time consuming and expensive, and have filed this action for declaratory and injunctive relief to force the DMV to change its position. Plaintiffs claim they will suffer irreparable harm if the DMV continues to limit the registration of vessels in this manner. According to the complaint, the DMV takes about six to eight weeks "to give permission

---

[1] Unless otherwise indicated, all future section references are to the Harbors and Navigation Code.

to sell the vessels. If the vessel owner objects to the lien, Plaintiffs must then file a second lawsuit to foreclose on the lien. Further, the Harbors and Navigation Statutes do not ensure that the vessels will be sold in that these provisions apply only to vessels which are registered with Defendant DMV and do not apply to federally documented vessels or vessels registered out of state." Plaintiffs further contend the Boaters Lien Law compels them "to initiate a suit every time they must dispose of an abandoned vessel, thereby" resulting in a multiplicity of lawsuits.

The DMV generally demurred to the complaint on the grounds that the Boaters Lien Law provides the exclusive means of enforcing possessory vessel liens (§ 501.5), the complaint fails to state facts showing the existence of a justiciable controversy, and plaintiffs lack standing to sue. The DMV also specially demurred on the ground that plaintiffs failed to join the owners of the vessels, who are essential parties.

The trial court sustained the DMV's demurrer without leave to amend. The order states in relevant part: "[T]he complaint fails to state facts sufficient to constitute a cause of action in that it is subject to the comprehensive legislation set forth in Harbors and Navigation Code section 500 et seq." The action was dismissed and this appeal followed.[2]

## DISCUSSION

We find nothing on the face of the complaint that takes this case outside the scope of the exclusive provisions of the Boaters Lien Law.

The Boaters Lien Law creates a lien for every person who is in possession of a vessel subject to registration with the DMV, for the compensation to which he or she is legally entitled for services rendered to or "storage" of the "vessel." (§ 502, subd. (a).) According to section 501, subdivision (d), " 'Storage' means the safekeeping, mooring, berthage, wharfage, or anchorage of a vessel and the providing of parking space for any trailer used in connection with the vessel." And section 501, subdivision (e) provides: " 'Vessel' means every description of watercraft, other than a seaplane on the water or a floating home, used or capable of being used as a means of transportation on the water and required to be registered, excluding any vessel which has a valid marine document issued by the United States or any agency thereof. For the purposes of this article, 'vessel' includes any

---

[2] The October 6, 1989, notice of appeal states that an order of dismissal was entered on September 19, 1989. The clerk's transcript, however, indicates that the "Order on Demurrer" was entered on February 1, 1990. We construe the premature notice of appeal to be from the February 1, 1990, order of dismissal. (Cal. Rules of Court, rule 2(c).)

trailer used in connection with the vessel which is in the possession of the lienholder at the time the lien arises."[3]

■   Plaintiffs contend the Boaters Lien Law does not apply to them because they only lease boat slips; they do not "store" vessels. The statutory definition of "storage," however, is so broad that it necessarily encompasses the leasing of boat slips in a marina. If the providing of a parking space for a boat trailer is "storage," then surely the providing of a boat slip must also be "storage."

While plaintiffs may proceed in unlawful detainer against a lessee who fails to pay rent (*Smith* v. *Municipal Court, supra*, 202 Cal.App.3d at pp. 686-691), they are not entitled to ignore the exclusive enforcement provisions of the Boaters Lien Law when it comes time to dispose of the vessel. The Legislature intended for the DMV to become directly involved in the enforcement of possessory vessel liens; there is no similar provision for the involvement of a governmental agency in sales conducted under Civil Code section 1980 et seq. The specific and exclusive provisions of the Boaters Lien Law take precedence over the more general enforcement provisions of Civil Code section 1980 et seq. (See *County of San Luis Obispo* v. *Abalone Alliance* (1986) 178 Cal.App.3d 848, 860-861 [223 Cal.Rptr. 846].)

The record in this case includes the "Enrolled Bill Report" (Report) prepared by the DMV prior to the enactment of the Boaters Lien Law in 1982. In this Report, the DMV requested the Governor to sign the bill in order to "correct a long standing need for due process in Vessel Lien Sales." The DMV "worked closely" with the author of the bill, and proposed several amendments which were added to the final bill. Although plaintiffs complain that the bill's additional protections to owners and interested parties are unnecessary and unduly burdensome, the Report indicates that the prior law was inadequate. Under the prior law, the lienholder was only required to notify the owners of record; no notice was required to other interested parties; and the owners or interested parties were not given an opportunity to oppose the sale other than by resolving the matter with the lienholder or by obtaining a temporary restraining order. The Report states that the Boaters Lien Law was intended to correct these deficiencies and to "provide due process to vessel owners and require this department's [DMV's] increased involvement in the vessel lien sale process." ■   The views of the DMV, as expressed in the Report and in its brief on appeal, are

---

[3] The lien arises by operation of law when "a written statement of lien is sent to the registered owner of the vessel which specifies the charges for services or storage rendered and states that the vessel is subject to sale pursuant to the California Boater's Lien Law." (§ 502, subd. (a).)

entitled to great weight since it is the administrative agency specifically charged with overseeing vessel registration and vessel lien sales. (See *Addison* v. *Department of Motor Vehicles* (1977) 69 Cal.App.3d 486, 493 [138 Cal.Rptr. 185].)

Indeed, the detailed provisions of the Boaters Lien Law meet the objectives stated in the Report. The lienholder must now obtain prior authorization from the DMV to conduct the sale (§ 503, subds. (a), (f)), and must obtain a declaration of value from a licensed yacht and ship broker (§ 507, subd. (a)). The DMV must now give notice to all persons having an interest in the vessel. (§ 503, subd. (b).) The interested parties may now file a declaration of opposition to the lien sale, and obtain a judicial determination of the contested claim before the vessel may be sold. (§§ 503, subds. (d), (e), 504.) The lien sale must now be conducted in a commercially reasonable manner, with a period of inspection prior to the sale. (§ 506.) And after the sale, the owner now has 10 days within which to redeem the vessel. (§ 506.5.) All of these protections would be lost if plaintiffs were permitted to dispose of the vessel under Civil Code section 1980 et seq., rather than under the Boaters Lien Law.

The Civil Code provisions, on the other hand, merely provide an "optional" procedure for the disposition of personal property left behind on the premises after a tenancy has terminated and the premises have been vacated by the tenant. (Civ. Code, § 1981, subd. (a).) While in this case the tenancies have been terminated by virtue of the unlawful detainer judgments, the boat slips have not been vacated. Because the premises have not been vacated, the Civil Code provisions do not exactly apply. Although plaintiffs may remove and store the vessels in order to relet the slips (Code Civ. Proc., § 1174), plaintiffs may not dispose of the vessels under the general, optional provisions of Civil Code section 1980 et seq.

Plaintiffs contend that since the Boaters Lien Law is only applicable to vessels subject to DMV registration requirements (§§ 501, subd. (e); 502, subd. (a)), "the Complaint does not support [the Boaters Lien Law's] exclusive application to [plaintiffs'] tenants since [the complaint] do[es] not allege that all the abandoned boats are subject to registration with the DMV at the time they are abandoned." If we understand this contention properly, it simply states that the Boaters Lien Law does not apply to a vessel if it is exempt from DMV registration requirements. In that case, the vessel may be sold without DMV involvement. It does not follow, however, that the DMV must register the vessel after the sale. For if the vessel is exempt from DMV registration, we fail to see why, as plaintiffs contend, the DMV must register the vessel.

At oral argument, plaintiffs asserted that the provisions of the Boaters Lien Law are not exclusive. In support of this proposition, plaintiffs cited a footnote in *Smith* v. *Municipal Court, supra,* 202 Cal.App.3d 685 which states in relevant part that "lien foreclosure is a protracted procedure and is not intended to be an exclusive remedy. (See Harb. & Nav. Code, §§ 502, subd. (g), 503.)" (*Id.* at p. 688, fn. 1.) Subdivision (g) of section 502 provides: "Nothing in this section shall impair any rights or remedies which are otherwise available to the lien claimant against the registered owner under any other provision of law."

In our view, however, the relevant phrase, "remedies which are otherwise available" (§ 502, subd. (g)), does not permit plaintiffs in this case to avail themselves of the provisions of Civil Code section 1980 et seq. There is no contrary indication in *Smith,* which is distinguishable. In that case, the marina sought to evict Smith and his 36-foot sailboat from a rented boat slip by bringing both an unlawful detainer action and another action "to foreclose on the statutory liens for nonpayment of dockage fees (Harb. & Nav. Code, §§ 491, 501)." (*Smith* v. *Municipal Court, supra,* 202 Cal.App.3d at pp. 687-688, fn. omitted.) *Smith* did not discuss whether a marina may *sell* a vessel under the provisions of Civil Code section 1980 et seq. after obtaining an unlawful detainer judgment. The issue in *Smith* was whether a marina may bring an unlawful detainer action in order to recover a rented boat slip. The court concluded that a rented boat slip is "real property" for purposes of unlawful detainer, and noted that the marina was not limited to the foreclosure remedy provided under the Boaters Lien Law. It was in this context that the *Smith* court stated in footnote 1: "Although [the marina] alleges the foreclosure action is still pending, Smith maintains the action was not successful: apparently the foreclosure law targets the boat's legal owner, and the *Solaris* is legally owned by Smith's bank. Whatever the status and scope of the foreclosure action, and the exact rights and responsibilities thereunder, lien foreclosure is a protracted procedure and is not intended to be an exclusive remedy. (See Harb. & Nav. Code, §§ 502, subd. (g), 503.) . . ." (*Id.* at p. 688, fn. 1.)

Footnote 1 in *Smith,* when read in its proper context, discloses an important policy reason underlying the exclusive foreclosure remedy provided under the Boaters Lien Law. Before a vessel lien foreclosure may occur, the Legislature has directed the DMV to search its records and "notify any person having a proprietary interest in the vessel that there is a pending lien sale . . . ." (§ 504, subd. (c).) The Civil Code, on the other hand, does not require a landlord to investigate public records to determine the names and addresses of all persons known to have a proprietary interest in the personal property that is left behind after an unlawful detainer judgment is obtained.

Civil Code section 1983, subdivision (a) only requires notice to the tenant and any other person the landlord reasonably believes to be the owner of the property. According to Civil Code section 1980, subdivision (d), " 'Reasonable belief' means the actual knowledge or belief a prudent person would have without making an investigation (including any investigation of public records) except that, where the landlord has specific information indicating that such an investigation would more probably than not reveal pertinent information and the cost of such an investigation would be reasonable in relation to the probable value of the personal property involved, 'reasonable belief' includes the actual knowledge or belief a prudent person would have if such an investigation were made."

Although plaintiffs undoubtedly encounter unseaworthy abandoned vessels which have little or no value to anyone,[4] plaintiffs may also encounter seaworthy abandoned vessels which have significant value to persons who, unbeknownst to plaintiffs, have a proprietary interest in the vessels. The Boaters Lien Law protects such persons by providing for notice, establishing a method for contesting the sale, setting commercially reasonable standards for the sale, and providing for an appraisal process.

Finally, we conclude that plaintiffs' reliance on Vehicle Code sections 9850, 9864, and 9915 is misplaced. Those provisions deal with numbering, destruction, and involuntary transfer of "undocumented"[5] vessels in various circumstances; none, however, exempts plaintiffs from complying with the exclusive provisions of the Boaters Lien Law.

We conclude the complaint affirmatively alleges facts which indicate coverage by the Boaters Lien Law. No additional facts appear on the face of the complaint which negate coverage by the Boaters Lien Law. Because the complaint fails to state additional facts which negate the application of the exclusive remedy provision, " 'no civil action will lie and the complaint is subject to a general demurrer.' [Citations.]" (*Iverson* v. *Atlas Pacific Engineering* (1983) 143 Cal.App.3d 219, 224 [191 Cal.Rptr. 696].)

---

[4] At oral argument, plaintiffs mentioned the unseaworthy condition of some of the abandoned vessels. We note, however, that the remedy sought by plaintiffs is to compel the DMV to register abandoned vessels upon their resale. This case does not decide whether and how plaintiffs may destroy unseaworthy vessels which have no resale value.

[5] An "undocumented" vessel is "any vessel which is not required to have and does not have a valid document issued by the Bureau of Customs of the United States or any federal agency successor thereto." (Veh. Code, § 9840, subd. (g).)

## DISPOSITION

We affirm the judgment (order of dismissal).

Devich, Acting P. J., and Vogel, J., concurred.