[S.F. No. 24775. June 5, 1986.]

TRACEY YOUNG, a Minor, etc., Plaintiff and Appellant, v.
C. E. HAINES, Defendant and Respondent.

884

886

888

COUNSEL

Mills & Westerberg and Richard F. Mills for Plaintiff and Appellant.

David M. Harney as Amicus Curiae on behalf of Plaintiff and Appellant.

Peters, Fuller, Rush, Schooling & Carter and David H. Rush for Defendant and Respondent.

Leonard Sacks, Jean Corey, Al Schallau, Robert E. Cartwright, Wylie A. Aitken, Harlan Arnold, Glen T. Bashore, Ray Bourhis, Richard D. Bridgman, Edwin Train Caldwell, David S. Casey, Jr., Victoria De Goff, Douglas K. de Vries, H. Grieg Fowler, Sanford M. Gage, Ian Herzog, G. Dana Hobart, Stanley K. Jacobs, Harvey R. Levine, John C. McCarthy, Timothy W. Peach, Robert H. Sulnick, Arne Werchick and Stephen I. Zetterberg as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**BIRD, C. J.**—Which statute of limitations—Civil Code section 29 (hereafter section 29)[1] or Code of Civil Procedure section 340.5 (hereafter section 340.5)[2] is applicable in an action for injuries incurred during birth as a result of medical malpractice? If section 340.5 applies, what facts will serve to toll the limitations period for actions by a minor?

### I.

Plaintiff, Tracey Young, was born on July 29, 1972. By complaint filed in May of 1981, she alleged through her guardian ad litem that she had been injured during birth by the negligent treatment of defendant doctors, hospital, and other health care providers. She further alleged that she and her mother did not discover the negligence of defendants until sometime

---

[1]Section 29 provides that "[a] child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth; but any action by or on behalf of a minor for personal injuries sustained prior to or in the course of his birth must be brought within six years from the date of the birth of the minor, and the time such minor is under any disability mentioned in Section 352 of the Code of Civil Procedure shall not be excluded in computing the time limited for the commencement of the action."

[2]That section as amended in 1975 provides that "[i]n an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence. . . ."

All subsequent statutory references other than to section 29 are to the Code of Civil Procedure unless otherwise indicated.

less than 100 days before October 22, 1980, on which date she filed a claim for damages pursuant to Government Code section 910 et seq.[3] That claim was denied on November 18, 1980.

The complaint alleged that "the negligence and carelessness of defendants, and each of them, was known only to said defendants, and each of them, and not revealed to plaintiff or plaintiff's mother. . . . At all times herein mentioned, plaintiff and plaintiff's mother had no medical training and were totally unaware as to the cause of plaintiff's disabilities. Plaintiff and plaintiff's mother . . . were unaware that they had a cause of action against defendants, and each of them, until on or about July 22, 1980, at which time a physician who examined plaintiff explained to plaintiff's mother . . . that plaintiff's disabilities were a result of hypoxic birth trauma."

As a result of defendants' negligence, plaintiff alleged, she incurred injuries to her nervous system, resulting in physical and emotional suffering. She was informed and believed that she would sustain some permanent disability. She sought damages in an unspecified amount.

Defendants demurred on the ground that section 340.5 barred the action as untimely. Plaintiff argued that the applicable statute of limitations was not section 340.5 but section 29. ▇ Section 29 has long been judicially construed to incorporate the "delayed discovery" rule available at common law in malpractice actions (see *Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 885 [112 Cal.Rptr. 540, 519 P.2d 588]).

Under the delayed discovery rule, a cause of action does not accrue, nor the statute of limitations start to run, until plaintiff discovers or in the exercise of reasonable diligence should discover the negligent cause of his or her injury. (*Segura* v. *Brundage* (1979) 91 Cal.App.3d 19, 24-27 [153 Cal.Rptr. 777]; *Myers* v. *Stevenson* (1954) 125 Cal.App.2d 399, 402 [270 P.2d 885].)[4] If section 29 is applicable, the allegations of the complaint indicate the action is timely.

The trial court sustained the defendants' demurrer and ruled that section 340.5 was the applicable statute of limitations. That section, the court found, repealed the "open-ended" delayed-discovery tolling provision of common law and imposed a limit of three years (or until the eighth birthday)

---

[3]Defendant hospital was a county hospital, Glenn General Hospital. Glenn County was also named as a defendant.

[4]Where the plaintiff is a minor, it is the knowledge or lack thereof of the parents which determines when the cause of action accrues. (*Whitfield* v. *Roth, supra,* 10 Cal.3d at p. 885; *Myers* v. *Stevenson, supra,* 125 Cal.App.2d at p. 403.)

within which to bring an action. Accordingly, the court found the complaint was untimely.

The action was dismissed when the plaintiff failed to file an amended complaint alleging facts which would toll the statute of limitations under section 340.5. This appeal is from the judgment of dismissal.

██ Plaintiff argues that section 29, with its common law delayed-discovery tolling provision, is the applicable statute of limitations. If section 340.5 is applicable, she argues that it should be construed to retain this common law rule, since the statute does not explicitly abrogate it. (See *Kite v. Campbell* (1983) 142 Cal.App.3d 793, 803 [191 Cal.Rptr. 363].) ██ ██ ██ If this construction of section 340.5 is rejected, she argues that the statute's failure to make its "concealment" tolling provision applicable to minors as well as adults denies her equal protection of the law.[5]

## II.

On their face, both section 29 and section 340.5 appear to govern this case. Since this is an action for "personal injuries sustained prior to or in the course of . . . birth," it comes within section 29. (*Fay* v. *Mundy* (1966) 246 Cal.App.2d 231, 236 [54 Cal.Rptr. 591].) As an action based on the

---

[5]Plaintiff also asserts that the 1975 version of section 340.5 may not be applied to her since her cause of action, though undiscovered, accrued before its enactment. She argues that such retroactive application would unconstitutionally deprive her of a vested right to the benefits of section 29, with its delayed-discovery rule.

In *Brown* v. *Bleiberg* (1982) 32 Cal.3d 426, 437 [186 Cal.Rptr. 228, 651 P.2d 815], this court addressed a similar argument, based on facts which parallel those of the present case. The plaintiff in *Brown* was injured by malpractice in 1965. She discovered and filed suit for her injuries in 1978. This court held that both the original 1970 version and the amended 1975 version of section 340.5 could constitutionally be applied to her case.

"The 1970 enactment and the 1975 amendment, which prescribed a four-year and three-year limitations period, respectively, could not be given retroactive effect so as to wipe out plaintiff's claim [fn. omitted], but the Legislature may restrict the period of limitations on a pending claim so long as the plaintiff is given 'a reasonable time in which to sue.' [Citations.] A statute shortening the statute of limitations may be interpreted prospectively to avoid constitutional problems which would attend retroactivity. [Citation.] In *Scott* v. *County of Los Angeles* (1977) 73 Cal.App.3d 476 [140 Cal.Rptr. 785], the Court of Appeal apparently interpreted section 340.5 as it was enacted in 1970 to give the plaintiff four years from the statute's effective date to bring suit for negligence in failing to properly administer oxygen to a baby at the time of his birth in 1960 where the cause of action did not accrue until 1975. No basis appears here upon which to conclude that plaintiff was not afforded a reasonable time after the enactment of section 340.5 in which to bring her action." (*Brown* v. *Bleiberg, supra,* 32 Cal.3d at p. 437.)

Plaintiff here was injured in 1972. By its own terms, the 1975 version of section 340.5 gave her until her eighth birthday, or five years after that statute became effective, to initiate an action. This is a reasonable time in which to sue. Thus, her argument that section 340.5 may not be applied retroactively to her claim must fail.

negligence of the attending physicians at the birth, it is limited by the provisions of section 340.5.

■ Section 29, enacted in 1872, abolished the common law rule that an unborn child has no independent existence and, therefore, no right of action for injuries suffered before its birth. (*Scott* v. *McPheeters* (1939) 33 Cal.App.2d 629, 632-633 [92 P.2d 678].) That section created the statutory authorization for a child to recover for such injuries in the event of its subsequent birth. (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 578 [139 Cal.Rptr. 97, 565 P.2d 122].) As originally enacted, it applied to all actions which might be brought after birth[6] and thus did not provide any single statute of limitations for these actions. The applicable statutes of limitations were set forth in other statutes, depending on the nature of the cause of action. Furthermore, section 352, also enacted in 1872, established a general rule that the statute of limitations for most actions was tolled during the plaintiff's minority.[7]

Accordingly, *Scott* v. *McPheeters, supra,* suggested in dictum that an action for prenatal injuries would be tolled during the child's minority. (33 Cal.App.2d at p. 631.) Shortly after *Scott* was decided, the Legislature amended section 29 to state expressly that section 352 tolling did not apply to actions brought under that statute. At that same session, the Legislature incorporated the present six-year rule for personal injury actions into the statute. (Stats. 1941, ch. 337, § 1, p. 1579; see *Olivas* v. *Weiner* (1954) 127 Cal.App.2d 597, 599 [274 P.2d 476].)

However, the six-year rule was not absolute. Before the 1941 amendment to section 29, this court had recognized that a statute of limitations in an action for medical malpractice "did not commence until the plaintiff either (1) actually discovered his injury and its negligent cause or (2) could have discovered injury and cause through the exercise of reasonable diligence. [Citations.]" (*Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 96-97 [132 Cal.Rptr. 657, 553 P.2d 1129]; see *Whitfield* v. *Roth, supra,* 10 Cal.3d at p. 885; *Huysman* v. *Kirsch* (1936) 6 Cal.2d 302, 312 [57 P.2d 908].) *Myers* v. *Stevenson, supra,* 125 Cal.App.2d 399 applied this delayed discovery rule to section 29 actions. *Myers* concluded that "the time limitation contained in section 29 was intended by the Legislature as a procedural statute of limitations subject to being extended by any legal ground

---

[6]The original version of section 29 provided that "[a] child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth."

[7]Section 352 provides that "[i]f a person entitled to bring an action . . . be, at the time the cause of action accrued, . . . [u]nder the age of majority . . . the time of such disability is not a part of the time limited for the commencement of the action."

not specifically excluded in the section itself" (*id.*, at p. 407)—including the common law delayed-discovery rule.

This construction of section 29 has been followed consistently since *Myers.* (See *Call* v. *Kezirian* (1982) 135 Cal.App.3d 189, 196 [185 Cal.Rptr. 103]; *Segura* v. *Brundage, supra,* 91 Cal.App.3d 19, 24-28; *Dillashaw* v. *Ayerst Laboratories, Inc.* (1983) 141 Cal.App.3d 35, 38 [190 Cal.Rptr. 68] [action against pharmaceutical manufacturer for birth defects caused by drug which mother took during pregnancy].)

In medical malpractice actions, however, the common law delayed-discovery rule has been greatly restricted by recent legislative action. The 1975 version of section 340.5, enacted as part of the Medical Injury Compensation Reform Act (MICRA) (Stats. 1975, Second Ex. Sess., ch. 2, § 12.5, p. 4007), worked a substantial change in the tolling provisions which existed at common law and in previous statutory enactment.[8] The outside limit for initiating malpractice actions, regardless of the date of discovery, was reduced from four years under the 1970 statute to three years. More significantly, under the new statute this limit was tolled only for fraud, intentional concealment, or the presence of nontherapeutic and nondiagnostic foreign bodies. (See *Brown* v. *Bleiberg, supra,* 32 Cal.3d at pp. 432-433.)

In actions by minors, the statute specified tolling of the limit "for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence." Absent statutory tolling, the minor has three years from the date of the wrongful act or until his or her eighth birthday, whichever occurs later, in which to initiate an action.

In short, plaintiff's claim as pleaded is not time-barred by section 29, since she has alleged that she did not discover her cause of action until

---

[8]The initial version of section 340.5 (Stats. 1970, ch. 360, § 1, p. 771) had "sought to retain the substance of the common law rule while modifying its 'open-ended' operation." (*Sanchez* v. *South Hoover Hospital, supra,* 18 Cal.3d at p. 98; see also *Larcher* v. *Wanless* (1976) 18 Cal.3d 646, 653-656 [135 Cal.Rptr. 75, 557 P.2d 507].) This version contained a four-year limit on malpractice actions. However, the limit was tolled "for any period during which [the defendant] has failed to disclose any act, error, or omission upon which such action is based and which is known or through the use of reasonable diligence should have been known to him."

In many cases, this statutory tolling provision would yield the same result as the common law discovery rule. Generally, a patient was deemed entitled to rely on the representations of the negligent physician, and was under no duty to discover a cause of action while under the physician's care. (See *Brown* v. *Bleiberg, supra,* 32 Cal.3d at p. 438, fn. 9; *Sanchez* v. *South Hoover Hospital, supra,* 18 Cal.3d at p. 102; *Huysman* v. *Kirsch, supra,* 6 Cal.2d at p. 312.)

less than a year before filing. Her claim *is* barred by section 340.5, since she has not alleged any facts which would toll that statute's limitation period. It appears that of these two inconsistent statutes, section 340.5 must prevail.

The general rule is that "when a general and particular provision are inconsistent, the latter is paramount to the former." (§ 1859.) At first glance, that rule does not offer any guidance here. The two statutes on their face are equally specific. Section 29 governs all actions for prenatal and birth injuries, regardless of their cause. Section 340.5 governs all actions for injuries caused by medical malpractice, regardless of the nature of the injury.

However, section 340.5 is a later-enacted statute, intended to cover all personal injury claims arising from medical malpractice. That statute was adopted as a response to a perceived "major health care crisis in the State of California attributable to skyrocketing malpractice premium costs and resulting in a potential breakdown of the health delivery system . . . ." (Preamble to MICRA, Stats. 1975, *supra,* p. 4007.)

The legislative response to this perceived crisis included, among other measures, changes in the rules applicable to personal injury actions by malpractice victims. (*Review of Selected 1975 Cal. Legislation, Torts* (1976) 7 Pacific L.J. 237, 544-545.) The plain legislative intent, in California as in many other states (*American Bank & Trust Co.* v. *Community Hospital* (1984) 36 Cal.3d 359, 370 [204 Cal.Rptr. 671, 683 P.2d 670, 41 A.L.R.4th 233]) was to treat all malpractice victims differently from other personal injury victims. (*Id.,* at pp. 387-402 (dis. opn. of Bird, C. J.).)

The cardinal rule of statutory construction is to ascertain and give effect to the intent of the Legislature. (§ 1859; *Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 51 [210 Cal.Rptr. 781, 694 P.2d 1153].) Section 340.5 is part of an interrelated legislative scheme enacted to deal specifically with all medical malpractice claims. As such, it is the later, more specific statute which must be found controlling over an earlier statute, even though the earlier statute would by its terms cover the present situation. (*Palmer* v. *Agee* (1978) 87 Cal.App.3d 377, 383 [150 Cal.Rptr. 841].) Accordingly, plaintiff's effort to avoid a statutory time bar by invoking section 29 cannot prevail.

III.

Next, plaintiff argues that section 340.5 must be construed to retain a delayed-discovery tolling rule for minors, since this rule was not expressly

excluded by any statutory language. Alternatively, she argues that the provisions of that statute relating to minors deny her equal protection of the law, since the outer limitation for minors is not tolled even by fraud, intentional concealment, or foreign bodies.

Plaintiff's first argument is based on *Kite* v. *Campbell, supra,* 142 Cal.App.3d 793. *Kite* found that the tolling provisions set forth in the second sentence of the statute—the fraud, intentional concealment, and foreign body provisions—were applicable only to actions by adults. *Kite* noted two other differences between adults' and minors' actions. First, the rule that a suit must be brought within one year of discovery of the malpractice is inapplicable to minors. Second, the statute begins to run for minors on the date of the "wrongful act" and not, as for adults, on the date of "injury." This latter provision is less favorable to minors, since an injury may not be apparent for some time after the wrongful act. (*Id.,* at p. 802; see *Steketee* v. *Lintz, Williams & Rothberg, supra,* 38 Cal.3d at p. 54.)

As *Kite* observed, "[o]n its face, the statute has some provisions more favorable to adults than to minors." (142 Cal.App.3d at p. 802.) Such a literal reading, *Kite* found, was problematic. "When we consider the long recognized policy of this state favoring the protection of a minor's right to bring suit, we cannot believe the Legislature intended that result. Moreover, such unequal treatment would violate the right of minor victims of malpractice to equal protection under the law." (*Ibid.*)

To avoid these problems, *Kite* simply read the common law delayed-discovery rule into section 340.5's provisions for minors. Noting that "'[c]ommon law' tolling provisions have traditionally been incorporated into statute of limitation provisions" (142 Cal.App.3d at p. 802), *Kite* read them into the third and fourth sentences of section 340.5. The reasoning was the same as that followed in *Myers* v. *Stevenson, supra,* 125 Cal.App.2d 399, and *Segura* v. *Brundage, supra,* 91 Cal.App.3d 19, 24-28 with respect to section 29. The Legislature's failure specifically to exclude a recognized tolling provision meant that it remained available to plaintiffs. (*Kite, supra,* 142 Cal.App.3d at pp. 802-803.)

As *Kite* noted, this interpretation of the third and fourth sentences of section 340.5 gives minors the benefits of the adult tolling provisions and more: "The reason for the failure to specifically apply the three enumerated tolling provisions to minors is manifest. The three-year period is tolled for fraud, intentional concealment, and presence of a foreign body having no diagnostic or therapeutic purpose, as well as for other valid circumstances which have prevented discovery of the malpractice by someone exercising reasonable diligence." (*Kite, supra,* 142 Cal.App.3d at p. 803.)

However, *Kite*'s reading of section 340.5 cannot be sustained. While this reading avoids the equal protection problem between minors and adults, the conclusion that the Legislature intended to restore a common law tolling provision which it had abolished five years previously is untenable. In enacting MICRA, the Legislature intended to further restrict the tolling provisions in malpractice actions. The "long tail" claims, the Legislature noted, had been a contributing cause of the perceived malpractice insurance crisis which precipitated MICRA. (Comment, *The "Claims Made" Dilemma in Professional Liability Insurance* (1975) 22 UCLA L.Rev. 925, 928-929, 933; Blaut, *The Medical Malpractice Crisis—Its Causes and Future* (1977) 44 Ins. Counsel J. 114, 119-120; Jt. Legis. Audit Com., Office of Auditor Gen., Cal. Leg., The Medical Malpractice Insurance Crisis in California 265.2 (hereafter Auditor General's Report) pp. 37-38.) The clear legislative purpose was to make available to malpractice plaintiffs only those tolling provisions set forth in the statute.

This interpretation is consistent with the court's interpretation of the 1970 version of section 340.5 in *Sanchez* v. *South Hoover Hospital, supra,* 18 Cal.3d 93. That version, like the minor provisions in the 1975 statute discussed in *Kite,* stated its tolling rules in nonexclusive terms. After setting forth the one-year and four-year limitations periods, the 1970 statute added: "This time limitation shall be tolled for any period during which such person has failed to disclose . . . ." Arguably, this language was subject to the same interpretation as the *Kite* court gave to the minor provisions of the 1975 statute, that the failure specifically to exclude common law tolling indicated an intent to retain such tolling.[9] Yet, this court recognized that the enactment of the tolling language was intended to replace, and not merely supplement, the common law rules. (*Sanchez* v. *South Hoover Hospital, supra,* 18 Cal.3d at pp. 98-99.) A different interpretation of the provisions concerning minors in the 1975 statute would be inconsistent with *Sanchez.*

Rejection of *Kite*'s holding regarding delayed discovery does not end the inquiry into statutory interpretation. There remains the question whether *Kite* was correct in concluding that the tolling provisions of the second sentence of section 340.5 are unavailable to minors. *Kite* assumed that they were not, and that the "minor" tolling provision of the fourth sentence— the parent/provider collusion rule—was the *only* one which the statute expressly made applicable to minors. As *Kite* noted, serious constitutional problems would arise from an interpretation of section 340.5 which imposed harsher limitations on minors than on adults. (*Kite, supra,* 142 Cal.App.3d

---

[9]Contrast this nonexclusive language with the exclusive terminology in the first two sentences of the 1975 version: "*In no event* shall the time for commencement of legal action exceed three years *unless* tolled for any of the following . . . ." (Italics added.)

at p. 802.) However, an alternative interpretation is available: the first two sentences of section 340.5 are not limited to adult malpractice plaintiffs, but rather apply generally to adults and minors alike.

■ "In proceeding with the task of interpretation at hand we are aided by certain general principles of statutory construction. As stated by this court in *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, at page 230 [110 Cal.Rptr. 144, 514 P.2d 1224]: 'We begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citation.] In determining such intent, "[t]he court turns first to the words themselves for the answer." [Citation.] We are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them." [Citations.] . . . .'" (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658-659 [147 Cal.Rptr. 359, 580 P.2d 1155]; *Addison* v. *Department of Motor Vehicles* (1977) 69 Cal.App.3d 486, 495-496 [138 Cal.Rptr. 185].)

■ The plain meaning of the statutory language is that the first two sentences of section 340.5 apply generally to *all* malpractice actions. Nothing in these two sentences purports to restrict their application to plaintiffs over the age of 18. They refer generally to "action[s] for injury or death against a health care provider . . ." without mention of the age of the plaintiff.

The third and fourth sentences by their terms do apply specifically to minors. They contain some provisions which are inconsistent with the general provisions of the first two sentences. ■■ As to those provisions which are truly inconsistent, the principle applies that specific statutory provisions relating to a particular subject will govern, as against general provisions, in matters concerning that subject. (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977, fn. 8 [140 Cal.Rptr. 669, 568 P.2d 394].)[10]

However, the "minor" tolling provision of the fourth sentence is not inconsistent with the fraud, concealment, and foreign body tolling provision

---

[10]A true inconsistency between the general and the minor provisions appears in the basic limitation period. The first two sentences create a one-year discovery limitation which may be more restrictive than the outside limit of three years. (See *Steketee* v. *Lintz, Williams & Rothberg, supra,* 38 Cal.3d at p. 53.) The third sentence, by contrast, makes clear that minors have the full three years—or until the eighth birthday, if this is later—to initiate action. Accordingly, this court has held that the one-year discovery limitation is applicable only to adults. (*Ibid.*)

Another inconsistency appears between the "injury" starting date of the general provisions and the "wrongful act" starting date of the minor provisions. As in *Steketee,* the constitutional questions raised by this particular form of discrimination against minors are left for another day. (38 Cal.3d at p. 54, fn. 4.)

of the second sentence. The fourth sentence simply adds another ground for tolling which is peculiarly appropriate for minors, who typically must depend on a parent or guardian to initiate legal action on their behalf. Thus, the fourth sentence provides no basis for concluding that the Legislature intended the general tolling provisions to be unavailable to minors.

Even if the statutory language were unclear, this court would be reluctant to find a legislative intent to treat minors so much more harshly than adults. ■ Today's conclusion observes the principle "that '[s]tatutorily imposed limitations on actions are technical defenses which should be strictly construed to avoid the forfeiture of a plaintiff's rights [citation].' . . . 'Such limitations are obstacles to just claims and the courts may not indulge in a strained construction to apply these statutes to the facts of a particular case [citations].'" (*Steketee* v. *Lintz, Williams & Rothberg, supra,* 38 Cal.3d at p. 56.)

This principle is particularly compelling in the case of minor plaintiffs. ■ "Our courts have repeatedly recognized the strong public policy protecting minors against the loss of their rights due to the operation of statutes of limitations." (*Ibid.*) "It is well settled that . . . both the Legislature and the courts seek to protect the rights of minors." (*Wozniak* v. *Peninsula Hospital* (1969) 1 Cal.App.3d 716, 723 [82 Cal.Rptr. 84]; see also *Whitfield* v. *Roth, supra,* 10 Cal.3d at p. 886.) Accordingly, this court declines to interpret a legislative enactment in a fashion which would so seriously discriminate against minors.

■ Finally, today's conclusion is compelled by the precept "that a court, when faced with an ambiguous statute that raises serious constitutional questions, should endeavor to construe the statute in a manner which *avoids* any doubt concerning its validity." (*Carlos* v. *Superior Court* (1983) 35 Cal.3d 131, 147, 152 [197 Cal.Rptr. 79, 672 P.2d 862]; *San Francisco Unified School Dist.* v. *Johnson* (1971) 3 Cal.3d 937, 948 [92 Cal.Rptr. 309, 479 P.2d 669].)

A construction of section 340.5 which denied minors the tolling provisions applicable to adults, and left them with only the narrow parent/provider collusion tolling rule, would present serious equal protection concerns. Such discrimination against the most vulnerable subclass of malpractice plaintiffs bears no apparent rational relation to any legislative goal embodied in section 340.5. It would accordingly present significant constitutional problems.

This court's four recent MICRA decisions, upholding various provisions of that enactment against equal protection challenges, do not remove these

problems. (See *American Bank & Trust Co.* v. *Community Hospital, supra,* 36 Cal.3d 359; *Barme* v. *Wood* (1984) 37 Cal.3d 174 [207 Cal.Rptr. 816, 689 P.2d 446]; *Roa* v. *Lodi Medical Group, Inc.* (1985) 37 Cal.3d 920 [211 Cal.Rptr. 77, 695 P.2d 164]; *Fein* v. *Permanente Medical Group* (1985) 38 Cal.3d 137 [211 Cal.Rptr. 368, 695 P.2d 665].)[11] In those decisions, a majority of this court found that the Legislature could constitutionally treat malpractice victims as a class differently from other personal injury plaintiffs, in light of the perceived crisis in medical malpractice insurance. But the classification which would be created here by construing section 340.5 to deny minors the adult tolling provisions does not group together malpractice victims as such. Rather, it would discriminate *within* the class of malpractice victims: minor malpractice plaintiffs would be treated less favorably than adults. The four MICRA cases do not suggest that this classification would be a reasonable one or that the differential treatment would be reasonably related to any legislative goal.

 The MICRA cases establish the general rule that the rational basis test is the appropriate standard for reviewing legislative classifications among personal injury plaintiffs. (*American Bank & Trust Co.* v. *Community Hospital, supra,* 36 Cal.3d at p. 373, fn. 12.) They also confirm the earlier holding of *Brown* v. *Merlo* (1973) 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505], that judicial review under that standard, though limited, is not toothless. A classification scheme is invalid if it does not meet the "constitutional demand of rationality." (*Id.,* at p. 860.)

 "As the United States Supreme Court recently phrased the federal constitutional standard: 'The Equal Protection Clause . . . den[ies] to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike."' [Quoting *Reed* v. *Reed* (1971) 404 U.S. 71, 75-76 (30 L.Ed.2d 225, 229, 92 S.Ct. 251), and other citations.] Thus, when a statute provides that one class shall receive different treatment from another, our constitutional provisions demand more 'than nondiscriminatory application within the class . . . establish[ed] . . . . [They] also [impose] a requirement of some rationality in the nature of the

---

[11]*American Bank* upheld the "periodic payment" provisions (§ 667.7); *Barme* upheld abrogation of the collateral source rule in malpractice actions (Civ. Code, § 3333.1, subd. (b)); *Roa* upheld the limitations on plaintiffs' attorneys' fees (Bus. & Prof. Code, § 6146); and *Fein* upheld the limitations on noneconomic damages (Civ. Code, § 3333.2) as well as modifications of the collateral source rule (Civ. Code, § 3333.1, subd. (a)) not addressed in *Barme*.

class singled out.' [Citations.]" (*Brown* v. *Merlo, supra,* 8 Cal.3d at pp. 861-862, italics omitted.) The equal protection clause of the California Constitution (Cal. Const., art. I, § 7) also requires some rational relationship between the legislative goal and the class singled out for unfavorable treatment. (*Brown, supra,* at pp. 861, 882.)

■■■ A statutory classification "must involve something more than mere characteristics which will serve to divide or identify the class. There must be inherent differences in situation related to the subject-matter of the legislation . . . ." (*Heckler* v. *Conter* (1933) 206 Ind. 376 [187 N.E. 878, 879].)

MICRA established a sharply reduced statute of limitations for malpractice plaintiffs. Section 340.5 as originally enacted in 1970 contained a tolling provision which was intended to retain much of the liberality of the common law rule. (See *ante,* fn. 8; *Sanchez* v. *South Hoover Hospital, supra,* 18 Cal.3d at p. 98; *Larcher* v. *Wanless, supra,* 18 Cal.3d at pp. 654-655.) The 1975 MICRA version of the statute, by contrast, was intended to work "substantial changes" (*Brown* v. *Bleiberg, supra,* 32 Cal.3d at p. 432) in the limitation period. Significant among these changes was the restriction of the tolling provisions for medical malpractice actions.

Evidently, the Legislature found a relationship between the malpractice insurance crisis and the former statute of limitations. Commentators had observed that the delayed discovery rule and the resulting "long tail" claims made it difficult to set premiums at an appropriate level. (Comment, *The "Claims Made" Dilemma in Professional Liability Insurance, supra,* 22 UCLA L.Rev. at pp. 928-929, 933; Blaut, *The Medical Malpractice Crisis—Its Causes and Future, supra,* 44 Ins. Counsel J. at pp. 119-120; Auditor General's Report, *supra,* at pp. 37-38, but see appen. thereto at p. 31 ["Individuals contacted projected minimal effects on claim costs resulting from [the new statute of] limitation."].) Presumably, the legislative goal in amending section 340.5 was to give insurers greater certainty about their liability for any given period of coverage, so that premiums could be set to cover costs.

This court is not presented with the question whether a restricted statute of limitations with narrow tolling provisions for all malpractice plaintiffs is rationally related to this goal. However, it is difficult to see how discrimination against minor malpractice plaintiffs vis-à-vis adults is rationally related to this or any other ascertainable legislative goal. The fact that such discrimination against minors would bar some meritorious claims and thereby reduce total malpractice liability is not enough to justify it. If claims are

reduced in an arbitrary manner, the classification scheme denies equal protection of the law.

The construction of section 340.5 which the court adopts today avoids this constitutional problem. Further, this construction follows previous decisions which recognized, as a matter of statutory interpretation, that the Legislature intended to achieve the goal of lowering malpractice insurance premiums in a rational manner. (*Steketee* v. *Lintz, Williams & Rothberg, supra,* 38 Cal.3d at p. 56.) Accordingly, plaintiff may invoke the fraud, concealment, or foreign body tolling provisions of section 340.5.

## IV.

Plaintiff's complaint alleges that she and her mother did not discover her injury and its negligent cause until less than a year before suit was filed. However, the complaint does not allege intentional concealment.

Nondiscovery and concealment are not the same. As this court held in *Sanchez* v. *South Hoover Hospital, supra,* 18 Cal.3d at pp. 98-99, nondiscovery will toll the running of the one-year provision for adults. Concealment by the defendant physician will not toll this period if discovery has occurred. (*Id.*; *Wells Fargo Bank* v. *Superior Court* (1977) 74 Cal.App.3d 890, 899 [141 Cal.Rptr. 836].) Conversely, concealment—rather than nondiscovery—will toll the outer time limit for initiating an action. (*Sanchez, supra,* 18 Cal.3d at p. 101.)

The question of what constitutes concealment was presented in *Brown* v. *Bleiberg, supra,* 32 Cal.3d at pages 437-438. There, plaintiff alleged that she suffered continuing pain following an operation, but remained unaware that the operation had involved the removal of some bones in her feet until she was so informed by a second doctor. The treating physician had described the operation as the removal of a "whole lot of little tumors" (*id.,* at p. 430) and had told her that the pain would diminish in time.

The court concluded that "[p]laintiff's factual claim that defendant [doctor] misrepresented the nature of the operation he performed on her in order to conceal plaintiff's cause of action creates an issue for the trier of fact as to whether the four-year . . . limitations period [was] tolled until plaintiff discovered the negligent cause of her injury." (*Brown* v. *Bleiberg, supra,* 32 Cal.3d at p. 437.)

The complaint here does not allege that the defendants intentionally concealed the occurrence of the hypoxic birth trauma or its connection with plaintiff's injuries. Since it appears from the trial court's ruling that

plaintiff was unaware that the intentional concealment tolling provisions of section 340.5 were available to her, plaintiff should be given an opportunity to allege any facts which would bring this action within those provisions.

Accordingly, the judgment of dismissal is reversed and the case remanded for further proceedings consistent with this opinion.

Mosk, J., Broussard, J., Reynoso, J., Grodin, J., Lucas, J., and Panelli, J., concurred.