[No. B176881. Second Dist., Div. One. July 27, 2005.]

LOURDES A. ARREDONDO, a Minor, etc., et al., Plaintiff and Appellant,
v.
REGENTS OF THE UNIVERSITY OF CALIFORNIA, Defendant and
Respondent.

COUNSEL

Horton Barbaro & Reilly and David A. Berstein for Plaintiff and Appellant.

Garrard & Davis, Steven D. Davis; Greines, Martin, Stein & Richland, Martin Stein and Carolyn Oill for Defendant and Respondent.

OPINION

VOGEL, J.— ██ A minor sued a healthcare provider for medical malpractice but lost on the ground that her action was time-barred. (Code Civ. Proc., § 340.5.)[1] The minor appeals, conceding her injury manifested itself more than three years before she initiated these proceedings, but claiming her cause of action did not accrue until a later date when she discovered the allegedly negligent cause of her injury. We disagree, and conclude that a minor plaintiff (as is the rule for an adult plaintiff) has lost her right to sue if she has not filed suit within three years of the date of manifestation of her injury, notwithstanding that she might not have discovered the negligent cause of that injury.

---

[1] All section references are to the Code of Civil Procedure.

## FACTS

Lourdes A. Arredondo was seven years old when she had her fourth brain surgery for a recurring benign tumor. Although Lourdes had awakened immediately after the first three surgeries, she showed clear signs of impairment after the fourth surgery (performed on May 1, 1998, at the UCLA Medical Center). On May 2, Lourdes had trouble breathing and was reintubated. Her condition deteriorated during May, and another surgery was performed on June 5. By *June 23*, Lourdes was "obtunded" (mentally dulled), unable to talk, and "severely limited in her function." On *July 1*, the Medical Center wrote to Lourdes's mother to explain that Lourdes had an allergic reaction to a muscle relaxant administered when she was reintubated on May 2.

On June 28, 2001, Lourdes (by her father as guardian ad litem) served the Regents of the University of California with a notice of her intention to sue (§ 364), and this lawsuit against the Regents and four individual doctors (who are included in our subsequent references to the Regents) was filed on September 26, 2001. The Regents answered, discovery ensued, and the case was set for a trifurcated trial, with the Regents' statute of limitations defense tried first to the court.

The parties briefed the statute of limitations issue, then stipulated to the facts stated above, including the fact that Lourdes's "injury had clearly manifested itself in the period of time [from] May 1, 1998 through June 23, 1998."[2] The trial court rejected Lourdes's contention that her cause of action did not accrue until her parents had reason to believe her injury was caused by negligence (which Lourdes claimed did not occur until July 1, 1998), and found the complaint was filed too late.[3] Lourdes appeals from the judgment thereafter entered.

## DISCUSSION

Lourdes contends her cause of action did not accrue until July 1, 1998. We disagree.

---

[2] Lourdes's statement of facts on appeal includes additional facts, none of which are supported by reference to the record. We ignore the unsupported facts, which are not in any event relevant to the issue before us. (Cal. Rules of Court, rule 14(a).)

[3] Lourdes also claimed that her notice of intent to sue, which was served on June 28, 2001, extended the three-year period of limitations from July 1, 2001, to September 26, 2001. Our rejection of Lourdes's interpretation of the statute of limitations means her notice of intent to sue was served too late to save her action from the bar of limitations. (§ 364, subd. (d); *Davis v. Marin* (2000) 80 Cal.App.4th 380, 385–386 [94 Cal.Rptr.2d 896] [statute of limitations is tolled "by 90 days when the notice to sue is given in the last 90 days of the limitation period"].)

## A.

As relevant, section 340.5 provides: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be *three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.* In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body . . . in the person of the injured person. *Actions by a minor shall be commenced within three years from the date of the alleged wrongful act. . . .* Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring action on behalf of the insured minor for professional negligence." (Italics added.)

 By defining the causes of action of adults ("three years after the date of injury" or one year after discovery) and minors ("within three years from the date of the alleged wrongful act") to accrue differently, section 340.5 violates the minors' right to the law's equal protection—and for this reason has been interpreted to give minors the benefit of the same provisions as adults. (*Young v. Haines* (1986) 41 Cal.3d 883, 897 [226 Cal.Rptr. 547, 718 P.2d 909]; *Torres v. County of Los Angeles* (1989) 209 Cal.App.3d 325, 334 [257 Cal.Rptr. 211]; *Photias v. Doerfler* (1996) 45 Cal.App.4th 1014, 1020–1021 [53 Cal.Rptr.2d 202].) Lourdes does not dispute this proposition but instead contends that (in addition to the statute's express tolling provision) a minor's rights under section 340.5 are greater than those of an adult.

## B.

 According to the Regents, Lourdes's cause of action accrued on the "date of manifestation of injury." (*Photias v. Doerfler, supra,* 45 Cal.App.4th at p. 1021 ["An injury manifests itself 'when it has become evidenced in some significant fashion, whether or not the patient/plaintiff actually becomes aware of the injury' "]; *McNall v. Summers* (1994) 25 Cal.App.4th 1300, 1311 [30 Cal.Rptr.2d 914] [manifestation occurs when the injury " 'has become evidenced in some significant fashion,' " when the damage has " 'clearly surfaced and is noticeable' "].) Because Lourdes stipulated that her "injury had clearly manifested itself in the period of time [from] May 1, 1998 through June 23, 1998," these cases support the Regents' contention that Lourdes's cause of action accrued, at the latest, on June 23, not July 1, 1998. Lourdes nevertheless contends that manifestation alone is insufficient, and

that her cause of action did not accrue until July 1, the date on which her mother allegedly discovered the negligent cause of Lourdes's injury. We disagree.

■ Section 340.5 provides that a negligence action against a healthcare provider must be filed "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, *whichever occurs first.*" (Italics added.) Aside from the fact that the plain language of the statute ("whichever occurs first") defeats Lourdes's interpretation, her construction is contrary to the specific intent of the Legislature when it adopted section 340.5—which was to reduce the maximum period within which a medical malpractice action could be filed, "from four years to three years after the date of *injury* . . . ." (*Photias v. Doerfler, supra,* 45 Cal.App.4th at p. 1017; see also *Young v. Haines, supra,* 41 Cal.3d at p. 893 [the "outside limit for initiating malpractice actions, regardless of the date of discovery, was reduced from four years . . . to three years"].)[4]

■ Because minors receive the benefits of the adult provisions in section 340.5, they are equally burdened by the restrictions imposed by the adult provisions. (*Katz v. Children's Hosp. of Orange County* (1994) 28 F.3d 1520.) ■ In *Katz*, a California minor's action for medical malpractice, the Ninth Circuit rejected the argument advanced by Lourdes in our case— that the three-year period runs from the date of discovery, rather than the date of manifestation—and explained (relying on our opinion in *Dolan v. Borelli* (1993) 13 Cal.App.4th 816, 825 [16 Cal.Rptr.2d 714] which addressed an adult's claim, not a minor's action), that "[t]he injury accrual date differs from discovery in that the former does not require the plaintiff to have suspected the negligent cause of the harm experienced. ' "This means that if a plaintiff does not 'discover' the negligent cause of her injury until more than three years after she first experiences harm from the injury, she will not be able to bring a malpractice action." ' " (*Katz v. Children's Hosp. of Orange County, supra,* 28 F.3d at p. 1526.) We agree with *Katz*.

Because it is undisputed that, at the latest, Lourdes's injury had clearly manifested itself by June 23, 1998, and undisputed that Lourdes's notice of intent to sue (§ 364) was not served until June 28, 2001 (five days after the statute of limitations had run), it follows necessarily that her complaint, filed on September 26, 2001, is barred by the three-year period of limitations governing negligence actions against healthcare providers (§ 340.5).

---

[4] To the extent our opinions in *Torres v. County of Los Angeles, supra,* 209 Cal.App.3d at page 335, and *Photias v. Doerfler, supra,* 45 Cal.App.4th at page 1021, suggest otherwise, they are inconsistent with *Young v. Haines, supra,* 41 Cal.3d at page 893 and, therefore, are wrong.

## DISPOSITION

The judgment is affirmed. The parties are to pay their own costs of appeal.

Mallano, Acting P. J., and Rothschild, J., concurred.