CHIN, J., Concurring and Dissenting.
I agree with the majority that the privately owned walkway in front of the customer entrance to the grocery store is not a public forum under Fashion Valley Mall, LLC v. National Labor Relations Bd. (2007) 42 Cal.4th 850 [69 Cal.Rptr.3d 288, 172 P.3d 742] (Fashion Valley) and Robins v. Pruneyard Shopping Center (1979) 23 Cal.3d 899 [153 Cal.Rptr. 854, 592 P.2d 341], (Maj. opn., ante, at pp. 1090-1093.) I also agree that cases such as Van v. Target Corp. (2007) 155 Cal.App.4th 1375 [66 Cal.Rptr.3d 497] and Albertson’s, Inc. v. Young (2003) 107 Cal.App.4th 106 [131 Cal.Rptr.2d 721] correctly allowed the store owners of those cases to bar speech activities on their premises. (Maj. opn., ante, at pp. 1092-1093; see Fashion Valley, supra, at p. 880 (dis. opn. of Chin, J.).) The majority opinion also implicitly reaffirms the correctness of a series of decisions holding that antiabortion protesters have no right to engage in speech activities on the privately owned parking lots and walkways of medical clinics that provide abortion services. (Feminist Women’s Health Center v. Blythe (1995) 32 Cal.App.4th 1641 [39 Cal.Rptr.2d 189]; Allred v. Harris (1993) 14 Cal.App.4th 1386 [18 Cal.Rptr.2d 530]; Planned Parenthood v. Wilson (1991) 234 Cal.App.3d 1662 [286 Cal.Rptr. 427]; Allred v. Shawley *1122 (1991) 232 Cal.App.3d 1489 [284 Cal.Rptr. 140]; see Waremart Foods v. N.L.R.B. (D.C. Cir. 2004) 359 U.S. App.D.C. 312 [354 F.3d 870, 876] (Waremart).)
But I cannot agree with the majority’s interpretation of the Moscone Act (Code Civ. Proc., § 527.3) and Labor Code section 1138.1 (hereafter, collectively, the Moscone Act), and its conclusion that both provisions are constitutional. (But, given the majority opinion, I do agree with the cautionary comments regarding the scope of the Moscone Act in the Chief Justice’s concurring opinion.) These statutory provisions are probably constitutional on their face. But the difficult questions are how they should be applied and whether they are valid as applied.
When it denied injunctive relief, the trial court believed that the entrance to the store was a public forum under California law. As the majority holds, the trial court erred in this respect. It is not clear what the court would have done had it correctly found the property not to be a public forum. What is clear is that the decision facing the trial court would have been quite different. Rather than decide difficult statutory and constitutional questions in a vacuum—and rely primarily in so doing on old California cases decided under a legal landscape that is now obsolete (see Fashion Valley, supra, 42 Cal.4th at p. 880 (dis. opn. of Chin, J.))—we should instead remand the matter to the trial court to reconsider the matter with a correct understanding of California’s public forum law. Only on a concrete record following a trial court decision free of legal error should we attempt to decide the remaining questions.
Allowing labor picketers to picket at the entrance to the grocery store— along with the majority’s reaffirmation of the Court of Appeal decisions denying free speech rights to others on similar private property—means that labor picketers, but no one else, have the right to engage in speech activities on that property. As applied to medical clinics, it apparently means, for example, that nurses can picket on clinics’ parking lots and walkways— including, presumably, protesting against being required to aid in providing abortion services—but antiabortion protesters, and others with their own message, may not do so. To discriminate in this way based on the content of the speech, or who the speaker is, raises serious constitutional questions.[1]
Today’s, opinion places California on a collision course with the federal courts. As the majority recognizes, the Waremart court held that permitting *1123 labor speech, but not other speech, on private property would violate the United States Constitution as interpreted in Carey v. Brown (1980) 447 U.S. 455 [65 L.Ed.2d 263, 100 S.Ct. 2286] (statute prohibiting picketing at private homes but excepting from the prohibition picketing involving a labor dispute is unconstitutional) and Police Department of Chicago v. Mosley (1972) 408 U.S. 92 [33 L.Ed.2d 212, 92 S.Ct. 2286] (ordinance prohibiting picketing near schools but excepting from the prohibition picketing related to a labor dispute is unconstitutional). (Waremart, supra, 354 F.3d at pp. 874-875.) Although only the United States Supreme Court can definitively resolve the disagreement between the majority and the Waremart court, the Waremart court was not clearly wrong.
The majority claims its interpretation of the Moscone Act is valid because the act does not limit free speech. (Maj. opn., ante, at pp. 1100-1101.) It is true that the Moscone Act, itself, does not limit speech. But the Court of Appeal cases involving nonlabor speech at stores and medical clinics, which the majority purports to reaffirm, do limit speech. Thus, the majority upholds content-based discrimination between labor and nonlabor speech, which presents the difficult constitutional question the Waremart court identified. Additionally, the majority appears to find no constitutional violation because the Moscone Act merely protects “labor-related speech in the context of a statutory system of economic regulation of labor relations.” (Maj. opn., ante, at p. 1102.) Perhaps. But on this incomplete record, it is not clear to me that the high court would permit content-based discrimination on this ground. At the least, before deciding this question, we should have before us the trial court’s ruling incorporating the correct understanding that the property at issue is not a public forum. We should know, and consider, exactly what economic or labor interests are actually at stake.
Under federal law, labor organizers have no right to contact employees on private property “unless the employees are otherwise inaccessible.” (Lechmere, Inc. v. NLRB (1992) 502 U.S. 527, 534 [117 L.Ed.2d 79, 112 S.Ct. 841] [interpreting the National Labor Relations Act (29 U.S.C. § 151 et seq.)].) The record in this case indicates that to the left of the store entrance, as one faces it, is a courtyard area with benches that the shopping center maintains. The point was not developed at trial, but it appears likely that this courtyard area is a public forum under the majority opinion in Fashion Valley, supra, 42 Cal.4th 850. (I dissented in Fashion Valley, but I recognize that it now represents the law in California.) If this is correct, labor picketers (and others) could present their message next to the store, meaning that neither the store nor its employees are inaccessible to anyone. (See Lechmere, Inc. v. NLRB, supra, at pp. 529, 541 [labor organizers had no right to enter private property to present their message when suitable public property was available nearby].) Given the seemingly slight difference between picketing next to the *1124 store and at its entrance, it is far from clear to me that the high court would permit California to discriminate in this way between labor-related speech and all other speech.
We should remand the matter to the Court of Appeal with directions to remand it back to the trial court to reconsider its ruling in light of this court’s holding that the entrance walkway in front of the store is not a public forum. Then, and only then, should we decide the remaining statutory and constitutional questions based on a full and concrete record.

 The plurality opinion in Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters (1979) 25 Cal.3d 317 [158 Cal.Rptr. 370, 599 P.2d 676], on which the majority heavily relies, did not consider this constitutional question or whether it should follow the precept that a court considering a statute that raises serious constitutional questions should strive to interpret that statute in a way that avoids any doubt concerning its validity. (See Young v. Haines (1986) 41 Cal.3d 883, 898 [226 Cal.Rptr. 547, 718 P.2d 909].)