Filed 12/18/14  Zulli v. Balfe CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BRIAN ZULLI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DAVID BALFE,<br><br>    Defendant and Respondent. | 2d Civil No. B252230<br>(Super. Ct. No. 56-2011-00402118-<br>CU-MM-SIM)<br>(Ventura County) |

Brian Zulli appeals a summary judgment entered in favor of Doctor David Balfe.  We conclude that the limitations period of Code of Civil Procedure section 340.5 precludes Zulli's cause of action for wrongful death, and affirm.[1]

*FACTS AND PROCEDURAL HISTORY*

At the end of her life, 81-year-old Sylvia Zulli suffered from heart failure, vascular strokes, and pancreatic cancer with liver and lung metastases.[2]  During March through May 13, 2010, she was admitted to Los Robles Hospital, Simi Valley Hospital, and Cedars-Sinai Medical Center ("Cedars-Sinai"), and was treated by many physicians, nurses, and other medical professionals.  Balfe was one of Sylvia's treating physicians during her hospitalization at Cedars-Sinai.

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] We shall refer to the parties as "Brian" and "Sylvia," not from disrespect, but to ease the reader's task.

On August 12, 2011, Brian filed a complaint in propria persona against Balfe and others regarding Sylvia's allegedly negligent medical treatment. He later filed a first amended complaint, to which Balfe demurred. The trial court sustained the demurrer and permitted Brian leave to amend the first amended complaint.

On March 16, 2012, Brian filed a 166-page second amended complaint alleging causes of action for elder abuse and neglect, gross negligence, failure to properly diagnose and properly treat, lack of informed consent, intentional infliction of emotional distress, criminal negligence, and wrongful death, among others. He requested compensatory and punitive damages against Balfe and many named defendants, including Cedars Sinai, Sylvia's medical insurers, and her treating physicians and nurses.

Brian alleges that Sylvia died on May 13, 2010, when "a nurse instructed by D[r]. Balfe injected Sylvia's [intravenous line] with a substance that caused Sylvia's vitals to immediately drop. . . . Within a minute of the substance being administered to Sylvia Zulli's [intravenous line], Sylvia died. No code blue was ever issued. No one came until after Sylvia died." The injection and Sylvia's death occurred in Brian's presence.

Balfe successfully demurred to all causes of action except the cause of action for wrongful death.[3] On September 3, 2013, he moved for summary judgment regarding that action. In support of his motion, Balfe submitted the declaration of Doctor James D. Leo, an expert in internal medicine. Leo declared that he had reviewed Sylvia's medical records and that Balfe's treatment fell within the professional standard of care and did not contribute to Sylvia's death. That treatment included administering saline solution to Sylvia in response to her falling blood pressure. Sylvia did not respond to the saline solution, her heart rhythm slowed, and she soon died. Brian did not submit a declaration of an expert witness in response. He asserted in written argument, however, that Balfe had ordered morphine rather than saline for Sylvia's intravenous line. Brian

---

[3] Other defendants also successfully demurred to Brian's complaint. We affirmed the judgment of dismissal entered in favor of Doctor Lawrence Mora in *Zulli v. Mora* (June 6, 2013, B242702) [nonpub. opn.].

also argued that either the two-year limitations period for battery or the three-year limitations period for medical negligence applied because Sylvia's medical records contained fraudulent entries. (§§ 335.1 [two-year limitations period applicable to assault or battery actions]; 340.5 [tolling of three-year limitations period with proof of fraud].)

The trial court granted summary judgment in favor of Balfe, concluding that the undisputed evidence establishes that he did not breach his professional duty of care to Sylvia. The court also decided that the one-year limitations period of section 340.5 precludes Brian's cause of action for wrongful death because he does not dispute that "he suspected or should have suspected negligence" regarding his mother's medical care when she died on May 13, 2010.

Brian appeals and contends that the trial court erred by: 1) improperly granting summary judgment, and 2) not granting his motion for disqualification pursuant to section 170.3. He asserts that the rulings have denied him due process of law.

*DISCUSSION*

*I.*

Brian argues that the trial court erred by granting summary judgment because his complaint for wrongful death was filed within the two-year limitations period of section 335.1, regarding assault, battery, personal injuries, or wrongful death.

In a motion for summary judgment, the moving party bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law. (*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 286; *Regional Steel Corp. v. Liberty Surplus Ins. Corp.* (2014) 226 Cal.App.4th 1377, 1388.) Once the moving party meets that burden, the burden shifts to the responding party to show that a triable issue of one or more material facts exists regarding that cause of action. (§ 437c, subd. (p)(1), (2); *Regional Steel Corp.*, at p. 1388.) A triable issue of material fact exists where "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) On appeal, we review the trial court's decision

3.

de novo, considering the evidence offered by the parties (except that which the court properly excluded) and the uncontradicted inferences therefrom. (*Hartford Casualty Ins. Co.*, at p. 286; *Regional Steel Corp.*, at p. 1388.)

The one-year limitations period of section 340.5 is "intended to cover all personal injury claims arising from medical malpractice." (*Young v. Haines* (1986) 41 Cal.3d 883, 894.) The one-year period commences when the plaintiff actually knows or suspects, or reasonably should know or suspect, the injury was caused by wrongdoing. (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 413 [on day of decedent's death, plaintiff suspected medications were not properly administered].)

Brian either suspected or should have suspected Balfe's alleged negligence on May 10, 2013, following administration of a drug in Sylvia's intravenous line. Thus, he had one year from that date to file his complaint. The statute of limitations, including the 90-day extension for service of notice of intent to sue pursuant to section 364, subdivision (d), expired on August 10, 2011. (*Carter v. Prime Healthcare Paradise Valley LLC*, *supra*, 198 Cal.App.4th 396, 413-414; *Kleefeld v. Superior Court* (1994) 25 Cal.App.4th 1680, 1685.) There is no tolling provision for fraud or concealment in the one-year limitation period. Brian's August 12, 2011 wrongful death action is time-barred.

To the extent that Brian is challenging the trial court's order sustaining Balfe's demurrer without leave to amend, the one-year limitations period also precludes those causes of action. (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681-682 [one injury gives rise to one claim for relief although multiple legal theories exist].)

*II.*

Brian also claims that the trial court erred by denying his disqualification motion filed pursuant to section 170.3. The "'exclusive means for review'" of a determination regarding the disqualification of a judge is by a petition for writ of mandate in accordance with section 170.3, subdivision (d). (*PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 971.) The determination "is not an appealable order." (§ 170.3, subd. (d).) Brian did not seek review of the disqualification ruling within 10 days by a writ of mandate; the issue is not properly before us. (*PBA, LLC*, at p. 971.)

4.

The judgment is affirmed.  Balfe shall recover costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.

5.

Rebecca S. Riley, Judge

Superior Court County of Ventura

_____

Brian Zulli, in pro. per., for Plaintiff and Appellant.

Horvitz & Levy LLP, David M. Axelrad, Jean M. Doherty; Law Offices of David Weiss, David J. Weiss, Daniel V. Farrugia for Defendant and Respondent.