[No. A014335. First Dist., Div. One. Dec. 10, 1986.]

AARON DONABEDIAN, a Minor, etc., Plaintiff and Appellant, v. GENE A. MANZER et al., Defendants and Respondents.

COUNSEL

Rex-Ann S. Gualco and Freidberg Law Corporation for Plaintiff and Appellant.

Anderson, Galloway & Lucchese, Martin J. Everson, Richard G. Logan, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Michael J. Brady, Mark G. Bonino and Luke B. Marsh for Defendants and Respondents.

OPINION

**ELKINGTON, J.**—On this appeal we are concerned with the interpretation, as to minors, of the state's medical malpractice statute of limitations, adopted 1975, by the amendment to *Code of Civil Procedure* section 340.5 (*section 340.5*) and with *Civil Code* section 29 (*section 29*), as amended in 1941.

Plaintiff Aaron Donabedian (hereafter *Aaron*), a 10-year-old quadriplegic boy, commenced an action, *January 31, 1980*, against the several above-named defendants for damages for medical malpractice, alleging that his physical disability proximately resulted from their negligence in and about the circumstances of his birth, 10 years earlier, on *February 23, 1970*.

The second amended complaint (hereafter complaint), as found relevant, alleged the following:

"The statute of limitations so far as it relates to the within causes of action is tolled in that the negligence and tort of the defendants named here *was known only to the said defendants and* CONCEALED *from the plaintiff and his parents*. After the birth of plaintiff, the relationship of doctor and patient was a continuing one until September 1974, and *plaintiff's parents were unaware of the cause and nature of the injuries sustained by plaintiff*. In addition, *plaintiff's mother exercised reasonable diligence* in attempting to discover the negligent cause of plaintiff's injuries; namely, Julieann Donabedian, plaintiff's mother, consulted an attorney sometime after February 2, 1974, and in January 1975, this attorney refused to accept employment. In addition, she consulted physicians in this matter inquiring as to the cause of plaintiff's injuries and was never informed that plaintiff's injuries were a result of negligence at or prior to his birth. *Plaintiff's parents were unaware that plaintiff had a cause of action until sometime after September 27, 1979,* when all medical records were reviewed by plaintiff's present attorneys." (Our italics.)

General demurrers to the complaint were filed by the defendants on the ground, among others, that the purported causes of action were barred by *section 340.5*.

The demurrers were sustained by the superior court *without leave to amend*. The ruling was attended by the following judicial comment: "There is no evidence of a legislative intent to allow exceptions other than those listed in Section 340.5 of the Code of Civil Procedure in medical malpractice actions by minors. Civil Code Section 29 is no longer controlling."

The appeal is from the judgment dismissing the action, which was thereafter entered.

Having considered the record before us and the contentions of the respective parties, we conclude, for the reasons we now state, that the judgment should be reversed and the cause remanded to the superior court, thus to give *Aaron* an opportunity to plead and prove, *if he can,* a cause of action in accordance with the views expressed in this opinion.

*Aaron* contends: "The issue before this court is whether the Legislature intended to amend Civil Code section 29 when it amended C.C.P. section 340.5."

At all relevant times *section 29* provided:

"A child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth; but any action by or on behalf of a minor for personal injuries sustained prior to or in the course of his birth must be brought within six years from the date of the birth of the minor, and the time such minor is under any disability mentioned in Section 352 of the Code of Civil Procedure shall not be excluded in computing the time limited for the commencement of the action."

Code of Civil Procedure section 352 (referred to by *section 29*) provided: "(a) If a person entitled to bring an action, . . . be, at the time the cause of action accrued, . . . 1. Under the age of majority; . . . the time of such disability is not a part of the time limited for the commencement of the action."

■ The attending argument is that *section 29,* and its incorporated statute, Code of Civil Procedure section 352, constitute the effective statutes of limitations of this case.

The argument has been found meritless by the recent case of *Young* v. *Haines* (1986) 41 Cal.3d 883, 891-894 [226 Cal.Rptr. 547, 718 P.2d 909], which *expressly* holds that *section 340.5* is controlling as to a minor's medical malpractice cause of action, over the older statute, *section 29.* That decision establishes the law of this state. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

■ We advert now to *Aaron's* contention that even under *section 340.5,* his action was timely filed.

In our resolution of this issue, we are also aided by the recent case of *Young* v. *Haines, supra,* 41 Cal.3d 883.

*Section 340.5,* as here relevant, provides that:

"In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic

purpose or effect, in the person of the injured person. Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence."

It will be noted that *section 340.5* provides first that "the time for commencement of a [medical malpractice] action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." These provisions, according to *Young* v. *Haines, supra,* 41 Cal.3d 883, "apply generally to adults and minors alike." (P. 897.) And the same court stated that: "The clear legislative purpose was to make available to [all medical] malpractice plaintiffs only those tolling provisions set forth in the statute." (P. 896.) Thus the tolling provisions, for adults and minors alike, ordinarily have an outside limit of "three years after the date of injury."

 And we note also that *Young* v. *Haines, supra,* 41 Cal.3d 883, as found to be faithfully incapsulated in its headnote (5), has held that: "The medical malpractice statute [i.e., *section 340.5*] does not retain the *common law delayed-discovery tolling rule."* (And see *Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46 [210 Cal.Rptr. 781, 694 P.2d 1153], *passim.*)

 Under these rules *Aaron's* action was patently barred by *section 340.5.*

But we nevertheless observe that there are two limited statutory exceptions to the above operation of *section 340.5* as to *minors.*

The first is: "Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period." This exception is inapposite to the claim of *Aaron,* whose action was filed a few weeks before his *10th* birthday.

The other exception of *section 340.5* as to minors alone, states: "Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed

fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence." It is manifestly inapplicable here.

The only remaining exception of *section 340.5* applies to adults and minors alike; it is that: "In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) *intentional concealment,* or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person." (The italics are ours.)

It will be remembered that *Aaron's* complaint recites in conclusional terms that defendants had *"concealed"* (*not* "intentionally concealed") their alleged negligence "from the plaintiff and his parents." "Intentional concealment"—"will toll the outer time limit for initiating an action." (*Young v. Haines, supra,* 41 Cal.3d 883, 901.)

In our opinion the ends of justice require that *Aaron* be given an opportunity to plead and prove, if he can, *"intentional* concealment" by defendants.

We pass on to the remainder of *Aaron's* contentions.

■ It is argued that giving effect to *section 340.5* denies him his Fourteenth Amendment, and California Constitution, article I, section 7, *due process* and *equal protection* rights.

No argument attends the due process contention except a bare recital, as above. Otherwise finding no merit in the contention, we treat the point as waived. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 425, p. 4391.)

On the issue of equal protection, we note that the court in *Young* v. *Haines, supra,* 41 Cal.3d 883, 897-899, applying the "rational relationship test," found that a challenge to *section 340.5* on equal protection grounds was *not* meritorious.

■ Another contention of *Aaron* is that, assuming the adverse application of *section 340.5* to his case, nevertheless the rule announced by *Rosefield Packing Co.* v. *Superior Court* (1935) 4 Cal.2d 120, 122-123 [47 P.2d 716], applies: "[T]here must be a reasonable time permitted for the party affected to avail himself of his remedy before the statute [as to him] takes effect."

As noted, *Aaron* was born *February 23, 1970. Section 340.5,* as amended, became operative *December 12, 1975,* and it permitted his action at any

time before his eighth birthday. The action was commenced *January 31, 1980,* more than five years after the statute's operative date, and more than twenty-three months after *Aaron's* eighth birthday.

We are not called upon to decide, under the circumstances of this case, just what would have been a reasonable time for commencement of *Aaron's* action. But from our analysis of *section 340.5,* we are impelled to hold that following that statute's operative date it was *not more* than "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occur[red] first"—or before his eighth birthday. And a reasonable time might well have been *less.*

We observe also that a similarly situated minor's action filed *sixteen months* after the operative date of *section 340.5* was held to be *untimely (Washington* v. *Nelson* (1979) 100 Cal.App.3d 47, 49, 53, fn. 4 [160 Cal.Rptr. 644]), while such a minor's claim against a public entity filed *eight months* after the amended statute's operative date was held to be filed within a reasonable time (*Osborne* v. *County of Los Angeles* (1979) 91 Cal.App.3d 366, 371 [154 Cal.Rptr. 129]).

■ We have also considered the separate contention of defendant Sequoia Hospital District, a public entity, that *Aaron* had not timely (within 100 days) filed a claim under the state's Tort Claims Act (Gov. Code, § 911.2). The complaint alleged that *Aaron* and his parents were unaware of the tortious cause of the injuries, and the concealment thereof, until after September 27, 1979, and that on December 27, 1979 a claim for damages for personal injuries was made to Sequoia Hospital District on behalf of *Aaron.*

Government Code section 901 provides: "For the purpose of computing the time limits prescribed by Sections *911.2,* 911.4, 912, and 945.6, the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon." (Italics added.) Thus, the time for commencement of the 100-day statutory period for filing a section 911.2 claim against a public entity is co-extensive with that for commencement of the period of the statute of limitations under *section 340.5.* If upon remand of the cause, *Aaron* is able to plead and prove that negligence of the defendants was *intentionally concealed* from him, his Government Code section 911.2 claim will thus have been timely filed.

The judgment is reversed. The cause is remanded to the superior court for further proceedings not inconsistent with the views we have expressed.

Racanelli, P. J., and Newsom, J., concurred.

Respondents' petitions for review by the Supreme Court were denied February 25, 1987.