Filed 3/29/22  P. v. Cano CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B312333 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA459925 |
| JOSE RAMON CANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Renee Korn, Judge. Affirmed as modified.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In October 2017, defendant Jose Ramon Cano was placed on probation for five years—the maximum term of probation authorized under former Penal Code section 1203.1, subdivision (a).[1] In April 2020, the trial court summarily revoked his probation for the second time. Before the violation hearing could be conducted in April 2021, the Legislature passed Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (AB 1950), which limited the maximum probation term for most felonies to two years. Defendant claimed AB 1950 retroactively shorted his probation term to two years, thereby absolving him of the alleged probation violation that occurred more than two years after probation had originally been imposed. The court disagreed and revoked and reinstated probation and ordered that defendant serve 364 days in jail, with probation to terminate upon his release from custody.

On appeal, defendant argues the court erred by revoking his probation for conduct that took place more than two years after he was first placed on probation. Specifically, he argues that AB 1950, which became effective in January 2021, retroactively modified his probation term to two years. Defendant posits that his term of probation, as modified by AB 1950, should be deemed to have ended in October 2019, effectively nullifying his subsequent violation of probation and all related court proceedings and orders. Defendant also argues that the court erred by imposing a probation supervision fee.

---

[1] (Stats. 2010, ch. 178, § 75, operative Jan. 1, 2012.)

AB 1950, and the shortened probationary period it established, is not applicable here. Taking into account the periods during which defendant's probation was revoked—and the probationary term was tolled—defendant was only on probation for 433 days before the court sentenced him for his second probation violation in April 2021. While the court formally revoked defendant's probation and reinstated it on the condition that he serve an additional 364 days in jail, the court gave him custody credits of 149 days. Thus, defendant was only on probation for a total of 648 days in this case—well short of AB 1950's two-year cap. And the court retained jurisdiction to adjudicate the probation violation between April 2020 and April 2021 while his probation was revoked. We agree with the parties, however, that the probation supervision fee imposed by the court is unenforceable. We therefore modify the judgment by vacating the probation supervision fee. As modified, the judgment is affirmed.

## BACKGROUND

On October 18, 2017, the People filed an information charging defendant with two violations of Penal Code[2] section 211. On the same day, the People amended the information to add a third count charging a violation of section 245, subdivision (a)(4), felony assault as a non-strike offense. Defendant pled no contest to the third count. The court accepted the plea, suspended the imposition of sentence, and placed defendant on formal probation for a term of five years. The court also ordered defendant to serve 364 days in jail, awarded

_____

[2] All undesignated statutory references are to the Penal Code.

3

custody credits, and imposed assessments, fines, and fees including a probation supervision fee under former section 1203.1b.[3]

On July 3, 2018, or 258 days after defendant was placed on probation, the court summarily revoked defendant's probation. On October 22, 2019, defendant admitted violating probation and the court ordered his probation reinstated on the same terms and conditions but it extended probation to October 18, 2023.

The court summarily revoked defendant's probation for a second time on April 14, 2020, 175 days after probation was reinstated in October 2019. At a probation violation setting hearing in February 2021, defendant requested that the court deem his probation terminated as of October 2019 pursuant to AB 1950, applied retroactively. At a subsequent probation violation setting hearing in March 2021, defendant argued that his most recent violation of probation occurred more than two years after probation was imposed and therefore the court lacked jurisdiction to penalize defendant for the violation.[4] The court rejected defendant's interpretation of AB 1950, finding instead that with respect to a violation of probation that occurred before the enactment of AB 1950, the court had jurisdiction to conduct a violation hearing and impose consequences on a case-by-case basis.

On April 23, 2021, after the court denied the request to dismiss the matter under AB 1950, defendant admitted violating probation for failing to report and being arrested in

[3] That section has since been repealed. (Stats. 2020, ch. 92, § 47.)

[4] Apparently, defendant failed to report to probation as ordered and was arrested for shoplifting.

February 2021. The court formally revoked defendant's probation and reinstated it on the condition that he serve an additional 364 days in jail. The court gave defendant custody credits of 149 days (75 days actual, 74 days good time/work time) and stated that probation would be terminated upon the completion of jail time.

Defendant appeals.[5]

## DISCUSSION

Defendant argues that AB 1950 retroactively terminated his probation term such that it ended in October 2019. Although we agree that AB 1950 should be applied retroactively because defendant's judgment is not final, he is not entitled to relief under this law. We agree with the parties, however, that the probation supervision fee imposed by the court under former section 1203.1b is unauthorized and must be vacated.

### 1.    Standard of Review

We review a probation revocation order for an abuse of discretion. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447; *People v. Butcher* (2016) 247 Cal.App.4th 310, 312; see § 1203.2, subd. (a).) The court's factual findings are reviewed for substantial evidence. (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681; *Butcher*, at p. 312.) We review issues of law, including statutory construction, de novo. (*People v. Brackins* (2019) 37 Cal.App.5th 56, 65.)

In construing section 1203.1, subdivision (a), as modified by AB 1950, we seek " ' "to ascertain the intent of the enacting legislative body so that we may adopt the construction that best

---

[5] Defendant requested and received a certificate of probable cause.

effectuates the purpose of the law." ' " (*City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 919; *People v. Leiva* (2013) 56 Cal.4th 498, 506 (*Leiva*).) " 'When interpreting statutes, we begin with the plain, commonsense meaning of the language used by the Legislature. [Citation.] If the language is unambiguous, the plain meaning controls.' (*Voices of the Wetlands v. State Water Resources Control Bd.* (2011) 52 Cal.4th 499, 519.) We consider first the words of the statute because ' " 'the statutory language is generally the most reliable indicator of legislative intent.' " ' (*People v. King* (2006) 38 Cal.4th 617, 622.) '[W]henever possible, significance must be given to every word [in a statute] in pursuing the legislative purpose, and the court should avoid a construction that makes some words surplusage.' (*Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310, 330.) However, section 7 cautions that 'words and phrases must be construed according to the context ... .' (§ 7, subd. (16).) Accordingly, we have held that words in a statute ' " 'should be construed in their statutory context' " ' (*People v. King, supra,* 38 Cal.4th at p. 622), and that 'we may reject a literal construction that is contrary to the legislative intent apparent in the statute or that would lead to absurd results' (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 27), or 'would result in absurd consequences that the Legislature could not have intended.' (*In re J.W.* (2002) 29 Cal.4th 200, 210.) Additionally, we adhere to 'the precept "that a court, when faced with an ambiguous statute that raises serious constitutional questions, should endeavor to construe the statute in a manner which *avoids* any doubt concerning its validity." ' (*Young v. Haines* (1986) 41 Cal.3d 883, 898.)" (*Leiva,* at pp. 506–507.)

## 2.    Violation of Probation and Application of AB 1950

When AB 1950 took effect on January 1, 2021, it amended section 1203.1 to limit the length of probation for most felony convictions to less than two years.[6] (§ 1203.1, subd. (a).) Although the Legislature did not address retroactivity, recent decisions have concluded that this statute should be applied retroactively in all nonfinal cases under *In re Estrada* (1965) 63 Cal.2d 740, 745 [holding that an amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date]. (See *People v. Butler* (2022) 75 Cal.App.5th 216 (*Butler*); *People v. Greeley* (2021) 70 Cal.App.5th 609, 627; *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1095; *People v. Schulz* (2021) 66 Cal.App.5th 887, 895; *People v. Gonsalves* (2021) 66 Cal.App.5th 1, 12; *People v. Lord* (2021) 64 Cal.App.5th 241, 245–246; *People v. Sims* (2021) 59 Cal.App.5th 943, 955–964; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879–885; see also *People v. Burton* (2020) 58 Cal.App.5th Supp. 1; cf. *People v. Faial* (2022) 75 Cal.App.5th 738 [holding AB 1950 does not apply retroactively when a defendant's probation had been revoked and sentence was imposed or executed before AB 1950's effective date]; *Kuhnel v. Appellate Division of Superior Court* (2022) 75 Cal.App.5th 726 (*Kuhnel*) [noting AB 1950 neither displaces tolling provision in section 1203.2, subdivision (a) nor invalidates a valid revocation of probation occurring prior to January 1, 2021].)

Defendant asserts that the retroactive application of AB 1950 requires us to conclude that his probation term ended as

---

[6] There are several exceptions to the two-year cap, but none is applicable here. (§1203.1, subd. (*l*).)

a matter of law on October 18, 2019, two years after it was imposed. We agree with defendant that the *Estrada* presumption of retroactivity applies to AB 1950 because his case is not final. But as to the question of how AB 1950 should be applied in this situation, we disagree with defendant that his probation term ended as a matter of law in October 2019. Specifically, defendant ignores the fact that his probation had been revoked for most of the two-year period between October 18, 2017 and October 18, 2019. Indeed, his probation was summarily revoked in July 2018, and on October 22, 2019—after admitting to violating probation—his probation was reinstated and his probationary term was extended to October 18, 2023. Defendant also ignores the fact that his probation was revoked again between April 14, 2020 and April 22, 2021. That is, defendant does not acknowledge that the running of the probationary period in his case was tolled for significant periods of time. Indeed, defendant fails to mention tolling in his briefs.

When probation is revoked by the court, it tolls the running of the probationary period. (§ 1203.2, subd. (a) ["The revocation, summary or otherwise, shall serve to toll the running of the period of supervision."]; *Leiva*, *supra*, 56 Cal.4th at pp. 505, 514–515 [tolling provision was enacted to preserve the trial court's authority to hold a formal probation violation hearing at a time after probation would have expired with regard to a violation alleged to have occurred during the probationary period]; see also *People v. Cookson* (1991) 54 Cal.3d 1091, 1095 ["A court may revoke or modify a term of probation at any time before the expiration of that term. (§ 1203.3.) This power to modify includes the power to extend the probationary term."].) AB 1950 did not modify the tolling provision set forth in section 1203.2. And we

8

agree with our colleagues in Division Three of the First District that, retroactive application of AB 1950 notwithstanding, a valid revocation of probation during the original term of probation preserves a court's jurisdiction to adjudicate an alleged probation violation that occurred within the reduced probationary period provided by AB 1950. (See *Kuhnel*, *supra*, 75 Cal.App.5th 726 [noting AB 1950 did not alter section 1203.2, subdivision (a), which provides that revocation of probation tolls running of probationary period until formal violation hearing is held].) Moreover, the Legislature recognized the manner in which the tolling provision applies: "A two-year period of supervision would likely provide a length of time that would be sufficient for a probationer to complete any counseling or treatment that is directed by a sentencing court. To the extent that a probationer is not complying with the treatment or counseling directed by the court during a probationary period, the court can revoke the defendant's probation until the defendant is back in compliance. The period while probation is revoked tolls the running of time towards the end point of the probationary period. That tolling process would effectively extend the probationary period for individuals that are not in compliance with the conditions of their probation." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1950 (2019–2020 Reg. Sess.) as amended May 6, 2020, p. 7.)

Here, as noted, the court imposed the first probationary term on October 18, 2017, and summarily revoked defendant's probation 258 days later, on July 3, 2018. The court did not reinstate probation until October 22, 2019. The second probationary term then ran for an additional 175 days, or until April 14, 2020, when the court revoked defendant's probation for

9

a second time. Thus, defendant had only been on probation for about one year and two months when the court terminated probation and imposed the sentence challenged in this appeal.[7] Accordingly, the two-year limit on probationary terms effected by AB 1950 does not come into play in the present case. And, as we explained, the court did not lose jurisdiction to adjudicate the probation violation while defendant's probation was revoked between April 14, 2020 and April 22, 2021.

Until recently, no published opinion had considered how AB 1950 would apply retroactively where a defendant is found in violation of probation and sentenced after AB 1950 took effect for a probation violation that occurred more than two years after he was first placed on probation.[8] In *Butler*, however, the reviewing court held that under those circumstances the trial court lacked jurisdiction to revoke the defendant's probation because AB 1950 applied retroactively. In *Butler*, unlike in our case, the Attorney General conceded that the trial court had lost jurisdiction over the defendant by the time it terminated probation and imposed a sentence. More importantly, in *Butler,* the defendant had "already served more than the maximum term of probation allowed because he served two years and three months of

---

[7] To be sure, as part of its sentence the court reinstated defendant's probation on the condition that he serve an additional 364 days in jail. But, as we explained, the court awarded him custody credits of 149 days. Thus, defendant was only on probation for a total of 648 days in this case—well short of AB 1950's two-year cap.

[8] In *People v. Faial, supra*, 75 Cal.App.5th 738 the defendant violated probation more than two years after probation was originally imposed, but probation was revoked and sentence executed before AB 1950's effective date.

probation." (*Butler*, *supra*, 75 Cal.App.5th at p. 225.) Here, however, because the period of probation was tolled twice, defendant had not served the maximum two-year term of probation under AB 1950 when the court revoked his probation and sentenced him to jail in April 2021.

### 3.    Probation Supervision Fee

As noted, in October 2017, the court ordered defendant to pay the costs of probation services under former section 1203.1b. When the court formally revoked and reinstated defendant's probation in April 2021, it stated, "[A]ll fines and community service are deleted. Anything else remaining is deleted." Defendant and the Attorney General agree that it is unclear from the record whether the court meant to vacate the probation supervision fee when it deleted the fines and community service. They also agree, as do we, that the fee is unenforceable.

Effective July 1, 2021, Assembly Bill No. 1869 (2019–2020 Reg. Sess.) eliminated many fines, fees, and assessments that courts have imposed under a variety of statutes, including former section 1203.1b, which previously allowed collection of probation supervision fees. (Stats. 2020, ch. 92, § 47.) Any unpaid portion of the probation supervision fee ordered pursuant to former section 1203.1b is therefore uncollectable and unenforceable as of July 1, 2021. (§ 1465.9, subd. (a).)

11

## DISPOSITION

The judgment is modified to vacate the probation supervision fee. As modified, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                            LAVIN, J.

WE CONCUR:

EDMON, P. J.

LIPNER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12